Salvatore SINATRA, Plaintiff,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.

No. CV 80–2940.

United States District Court, E.D. New York.

July 1, 1983.

**1356**

Roy & Mondello by Philip J. Mondello, Dobbs Ferry, for plaintiff.

Raymond J. Dearie, U.S. Atty. by Igou M. Allbray, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

## MEMORANDUM AND ORDER

WEINSTEIN, Chief Judge.

Plaintiff seeks to compel the Bureau of Hearings and Appeals of the Social Security Administration to grant him an administrative hearing after denial of disability benefits. Having denied a hearing on the ground that the request for one was not timely, defendant now contends that this court lacks jurisdiction because there is no final administrative order after a hearing. For the reasons stated below, the court exercises jurisdiction and remands with directions to conduct a hearing on the timeliness issue.

### I.

### FACTS

Plaintiff's struggle for disability benefits has been going on for many years. In 1971 he sustained serious, multiple injuries in an automobile accident. In April 1976, after initial denials and a series of modifications, he was granted a closed period of disability running from December 1971 through August 1975. A request for a hearing on closure of the disability period was initially dismissed because of untimeliness. Plaintiff persisted. In September 1979 he requested a re-opening of the dismissal of his action for continued benefits, offering to present new evidence. The request was referred to the state disability agency for consideration of whether additional evidence might warrant a change in the determination that plaintiff's disability ceased in 1975.

By letter dated December 21, 1979, plaintiff was informed that his request for reconsideration had been reviewed by the state agency and the prior determination had been upheld. The letter stated that plaintiff could request a hearing before an administrative law judge "not later than *60 days from the date you receive this notice.*" (Emphasis added.)

December 21, 1979 was the Friday just before the year-end holiday period. The following Monday, December 24th, was Christmas Eve and Tuesday, December 25th, was Christmas Day. The balance of that week, Wednesday, Thursday and Friday, December 26th through December 28th, comprised the only full working days between Christmas and New Year's. Monday of the following week, December 31, 1979, was New Year's Eve. Tuesday was New Year's Day.

The court takes judicial notice that a substantial number of federal employees take vacations at this time of year and that there is a general slowing down of office operations during this period. Fed.R.Evid. 201. The court also takes judicial notice that the mails are heavily burdened during and in the aftermath of the holiday season and that delivery is sometimes slowed.

Notices of denial of benefits upon reconsideration are mailed from the Bureau of Disability Determinations in Baltimore, Maryland. The Postal Service applies a two-day delivery standard from Baltimore to claimant's postal district 117 in Suffolk County. But the Post Office's Origin-Destination Information System reported that for the period December 29, 1979 through January 25, 1980, on-time delivery to district 117 from two-day delivery areas was down to 49%, the worst on Long Island. For the same origin-destination combination there was 76% on-time delivery from December 1, 1979 through December 28, 1979. The Post Office ordinarily aims for 91% on-time delivery from two-day delivery areas. FY '83 Goals (Internal Post Office Memorandum).

Even at ordinary times of the year the mailing of government notices is often de-

layed. For example, a letter from the Office of Hearings and Appeals sent to plaintiff's counsel in this case, plaintiff's exhibit no. 1, was dated October 14, 1982, postmarked October 19th, and received October 22nd. Compare *Wilson v. Watt*, 703 F.2d 395, 397 (9th Cir.1983) (Bureau of Indian Affairs letters dated March 5, 1982, terminating assistance as of April 1st, not received until after March 15th).

When plaintiff received the December 21st notice is in dispute. Plaintiff claims he received the notice on January 15, 1980. Relying on a presumption, the government contends that the letter must have been delivered on or before December 26th.

A request for a hearing was not filed until March 3, 1980, 73 days after the December 21st notice is dated. Had the letter been received on or after January 3, 1980, the request would have been timely. By decision of June 2, 1980, the hearing request was dismissed as untimely. Given the administrative presumption that a notice is received by a claimant five days after it is dated, the time to request a hearing expired on February 25th. (The sixtieth day from presumed day of receipt was February 24, 1980. Since that day was a Sunday, the request period was extended by one day pursuant to 20 C.F.R. § 404.3(c). See 42 U.S.C. § 416(j).)

By order dated May 24, 1981, this court remanded the case to the Appeals Council for findings on the timeliness of plaintiff's hearing request. A hearing was held before an administrative law judge in July, 1982, at which time apparently the only evidence taken on the timeliness issue was plaintiff's testimony. A transcript of the hearing is not available. The original tape has been misplaced and a back-up tape is not accessible.

The administrative law judge, in a decision dated August 11, 1982, declared that he did not find plaintiff's arguments credible and recommended that plaintiff's hearing request be dismissed as untimely. The Appeals Council concurred by letter of December 16, 1982. A second appeal to this court followed.

## II.

## LAW

### A. *Jurisdiction*

Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), governing appeals to a district court from adverse determinations by the Secretary, affords district court review of "a final decision ... made after a hearing." The government contends that the statute refers only to a decision of the Secretary on the merits of a disability claim, not one denying a claimant benefits on the basis of a procedural default. Citing *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), which held that section 205(g) foreclosed judicial review of a petition to reopen consideration of a claim denied by the Secretary, the government maintains that the only cognizable petition for review not involving the merits of a disability claim is one raising a constitutional challenge. See *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975).

The Second Circuit has apparently taken the position that absent an administrative decision on the merits, district court jurisdiction cannot ordinarily be founded on section 205(g). *Dietsch v. Schweiker*, 700 F.2d 865 (2d Cir.1983), citing *Sheehan v. Secretary of Health, Education, and Welfare*, 593 F.2d 323 (8th Cir.1979); *Maloney v. Harris*, 526 F.Supp. 621 (E.D.N.Y.1980), aff'd mem., 657 F.2d 264 (2d Cir.1981). But see *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983) ("The Secretary's argument that an Appeals Council denial of a request to review for reason of untimeliness is neither 'final' because it is not a determination on the merits, nor 'made after a hearing' because the request itself is not heard, makes linguistic but not legal sense."). To the extent that the proceedings in this case should be characterized as a re-opening of a disability claim rather than its initial consideration, see Letter of Harriet A. Simon, Member, Appeals Council (October 10, 1979), this court would not have jurisdiction

to hear an appeal from the Secretary's determination on the merits. *Latona v. Schweiker,* 707 F.2d 79 (2d Cir.1983).

■ An action for mandamus is available, however. 28 U.S.C. § 1361. The thrust of such a suit is to compel the Secretary to take action on a request alleged to have been timely filed. The elements of the proceeding are that 1) plaintiff's challenge be a procedural one; 2) with a purportedly timely request, he seek to compel the Secretary to perform a duty; 3) he have no other avenue for relief; and 4) his procedural dispute be unrelated to the merits of his claim for benefits. *Dietsch v. Schweiker,* 700 F.2d 865, 868 (2d Cir.1983).

■ In *Dietsch,* plaintiff had requested a review by the Appeals Council of an adverse determination on a claim for disability benefits. The request was postmarked on the 61st day after presumed receipt of the decision of the administrative law judge, and the Appeals Council dismissed the request as untimely. See 20 C.F.R. 404.968 (1982). The plaintiff claimed that he had mailed the request on day 60 and that mailing constituted filing for the purpose of the regulations. The Second Circuit recognized jurisdiction under the mandamus statute, agreed with the plaintiff's interpretation of the regulations, and remanded for a factual finding on whether the request was mailed within the prescribed period. See also the companion case of *Monferrato v. Schweiker,* 700 F.2d 869 (2d Cir.1983).

While the case at bar involves a request for a hearing rather than review by the Appeals Council, its posture is similar to that of *Dietsch.* That a hearing on a reopened claim is provided for by regulation, 20 C.F.R. §§ 404.929, .930(a)(4), .994 (1982), rather than by statute is of no moment. The Secretary is bound by her own regulations. Plaintiff does not ask the court to address the merits of his disability claim but merely to correct an alleged procedural error that forecloses administrative consideration of the claim. Accordingly, the court has jurisdiction.

### B. *Filing Requirements*

■ While the proceedings in this case appear to be in the nature of a re-opening of a prior determination, the regulations governing a request for a hearing under these circumstances track those for review of an initial disability determination. See 20 C.F.R. §§ 404.929, .930(a)(4), .994 (1982). These regulations are grounded in section 205(b) of the Social Security Act, 42 U.S.C. § 405(b), which at all times relevant to this case provided that a hearing request "must be filed within sixty days after notice of such decision is received by the individual making such request." See 20 C.F.R. § 404.933(b)(1) (1982).

Since the period runs from date of receipt rather than date of mailing, the Secretary has established a presumption that a notice is received five days after it is dated. At the time plaintiff received his notice of adverse determination, the regulations stated that "the date of receipt of notice of the reconsidered determination notice shall be presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 404.-918 (1980). The regulations currently offer a general definition of "Date you receive notice" as "5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period." 20 C.F.R. § 404.901 (1982). While the latter formulation may appear to place a higher burden on a claimant to rebut the presumption, no substantive change was intended. The modification was solely for the purpose of making the regulations "clearer and easier for the public to use." 45 Fed.Reg. 52078 (1980). Neither formulation explicitly speaks of creating a rebuttable presumption, but that is their effect.

There are various indicia supporting the view that the presumption contained in the regulations is of the going-forward variety, with the ultimate burden of persuasion with respect to lack of timely filing on the agency. Absent a clear indication to the contrary in law or policy, the analogous common law presumption that mail properly addressed, stamped and deposited with the

postal service arrived at its destination in due course shifts only the burden of coming forward. See, e.g., *Legille v. Dann,* 544 F.2d 1 (D.C.Cir.1976) (presumption of receipt after mailing of patent application merely assigns burden of going forward); *United States v. Freeman,* 402 F.Supp. 1080 (E.D.Wis.1975) (presumption of receipt of notice of military induction shifts to registrant only the burden of going forward).

This suggestion is buttressed by the provisions governing presumptions in the Federal Rules of Evidence. While the Federal Rules of Evidence are not directly applicable to administrative proceedings, Fed.R. Evid. 1101, 5 U.S.C. § 556(d), they are nevertheless instructive where not explicitly contravened. See, e.g., *Breeden v. Weinberger,* 493 F.2d 1002, 1006 n. 5 (4th Cir. 1974) (finding the Supreme Court's proposed Rule 301 persuasive, though not controlling in disability proceeding).

Rule 301 governs presumptions in civil proceedings. Under its terms, unless

> otherwise provided for by Act of Congress or by these rules, a presumption imposes on the party against whom it is directed the burden of going forward with evidence, to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of nonpersuasion, which remains throughout the trial upon the party on whom it was originally cast.

In enacting Rule 301, Congress rejected the Supreme Court's proposal, which would have shifted the burden of persuasion to the party opposing a finding on the presumed fact. The rule thus expresses a strong Congressional preference even where the Rules of Evidence are technically not controlling. Interpreting the mailing-delivery presumption contained in the regulations as one of going forward does not prevent Congress— or perhaps even the administrative agency—from creating more powerful persuasion shifting presumptions. But absent such Congressional or administrative directive, the locus of the ultimate burden of persuasion should be derived from an appreciation of the purposes and design of the underlying statutory scheme. See 3 K. Davis, Administrative Law Treatise § 16:9 (2d ed. 1980).

A consideration of the position of the parties in the processing of a disability claim and the equities involved support an interpretation of the regulations that places upon a claimant only the burden of going forward with evidence rebutting the presumption of receipt. Understandably, orderly functioning of the social security office and the mails should be assumed if content is to be given to the limit on filing hearing requests within 60 days after receipt of the challenged notice. Compare Fed.R.Evid. 406 (routine practice of organization). But whether a notice has been mailed on its purported date is ultimately a fact within the province of the Secretary. Since notices are given without a request for verification of delivery, it would be difficult for a claimant to prove that he did not receive a timely notice, no matter how long the mailing was deferred. To force a claimant to negotiate the bureaucratic maze of the social security and postal systems to uncover an administrative mishap would place upon him an inordinate burden. The responsibility of ultimate proof, once a claimant has presented plausible evidence to rebut the presumption of receipt, should rest with the Secretary who has easier access to whatever facts may be available.

Categorization of the presumptions of receipt is a legal exercise for which courts are well equipped. *Edwards v. Califano,* 619 F.2d 865, 869 (10th Cir.1980) ("[A]n agency's interpretation of its own regulation ... based on general common law principles, is not entitled to great deference."). Moreover, it does not appear that the Secretary has specifically considered the nature of the regulatory presumption. If the Secretary wishes to give the presumption greater force, she must take steps towards that end by clarifying the regulations.

### C. *Rebutting the Presumption*

In order to rebut the presumption that a notice of reconsideration is received five days after it is dated, the claimant must adduce evidence that would be suffi-

cient to overcome a directed verdict for the Secretary in a jury trial. Whether the bare affidavit of the claimant that he did not receive the notice within the prescribed time would be sufficient need not now be decided. One court has held that where no copy of the notice was mailed to a claimant's attorney of record, there was no evidence in the record that a copy was mailed to the claimant, and claimant signed an affidavit of non-receipt, the presumption of receipt was rebutted. *McKentry v. Secretary of Health and Human Services*, 655 F.2d 721 (6th Cir.1981).

■ The facts of this case are suggestive of untimely receipt. A glance at the calendar provides a credible explanation for delay. The notice was dated on the eve of the Christmas-New Year's holiday period. Many government employees take vacation at this time of the year, and office operations slow considerably. Not implausibly, January 2, 1981 was the first day a complete staff was available to clean desks of the remains of the previous year's work. In addition, the mails move more slowly during and after this period, because of the large holiday postal volume.

Given these factors, it is not unreasonable that a letter dated December 21, 1979 would be belatedly dispatched and then delayed in the mail so that it would not have been received before January 3, 1980. Had it been received on that date, the March 3, 1980 filing of a request for a hearing would have been timely. Were this a jury trial plaintiff's case would be more than sufficient to defeat a directed verdict against him on the issue of timely receipt. It more than meets a claimant's burden of coming forward under 20 C.F.R. § 404.901 (1982).

### CONCLUSION

On the facts of this case, the Secretary has the burden of persuading the Administrative Judge that the notice was received before January 3, 1980. The Secretary has apparently produced no evidence to this effect on the prior remand to the Appeals Council or in this court. Since, however, there is no record of the hearing on this point there can be no assurance that the Secretary did not prove her present contention of prompt delivery of the notice. The case is remanded for the purpose of conducting a hearing not inconsistent with this memorandum.

The Clerk of the Court shall send a copy of this Memorandum and Order to the parties.

So ordered.