Ila P. BISSON, Plaintiff-Appellant,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,
Defendant-Appellee.

No. 85–1171.

United States Court of Appeals,
Sixth Circuit.

Submitted Feb. 10, 1986.

Decided March 31, 1986.

Seymour L. Muskovitz, McCroskey, Feldman, Cochrane & Brock, Muskegon, Mich., for plaintiff-appellant.

Martin F. Palus, Asst. U.S. Atty., Grand Rapids, Mich., for defendant-appellee.

Before KRUPANSKY and GUY, Circuit Judges, and PECK, Senior Circuit Judge.

GUY, Circuit Judge.

In this action plaintiff alleges violation of 42 U.S.C. § 405(h)[1] and jurisdiction under 28 U.S.C. § 1361.[2] Plaintiff requests an

---

1. 42 U.S.C. § 405(h) provides:

The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 1331 or 1346

of Title 28 to recover on any claim arising under this subchapter.

2. § 1361. Action to compel an officer of the United States to perform his duty

The district courts shall have jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

order compelling the Secretary to process plaintiff's social security application as ordered by the Administrative Law Judge (ALJ). For the reasons stated below, we reverse the order of the district court granting the Secretary's motion for summary judgment, and remand the case to be dismissed for lack of subject matter jurisdiction.

## I.

Plaintiff filed her application for social security disability benefits on July 23, 1982. After administrative denials of her application, a hearing was conducted by an ALJ on July 1, 1983. Plaintiff's earnings record showed that she was insured under the requirements of the Social Security Act through June 30, 1977, but not after that time. Testimony regarding plaintiff's earnings in 1978 through 1982 was taken at the hearing. Based on this testimony, the ALJ found that plaintiff's insured status extended past June 30, 1977. In his October 11, 1983 decision, the ALJ stated that he was returning the case to the Social Security Administration to have plaintiff's earnings record corrected and to have a decision rendered regarding plaintiff's disability based on the medical evidence. Plaintiff received notice of this decision.

In November, 1983, the District Office of the Social Security Administration in Muskegon, Michigan, reviewed the ALJ's decision and decided that the ALJ erred in concluding that plaintiff's coverage was extended. A memorandum sent to the Secretary's Office of Hearings and Appeals (Appeals Council) stated, in substance, that the ALJ was in error, no medical decision was necessary, and that the case should remain "a technical denial." Plaintiff first learned

of this action only after she inquired why there was no further action on her application.

On March 29, 1984, plaintiff filed suit in the district court, alleging that she had exhausted her administrative remedies, and was seeking mandamus relief to enforce the ALJ's decision. Plaintiff's motion for mandamus was filed June 1, 1984.

On July 17, 1984, in response to the urgings of the United States Attorney for the district, the Appeals Council issued a letter to plaintiff which stated, in summary, that it was reopening the October 11, 1983 decision of the ALJ under the authority of regulations contained in 20 C.F.R. § 404.988(b) and § 404.989(a)(3).[3] Plaintiff was informed that the Appeals Council was "prepared to find" that the ALJ made "an error on the face of the evidence" and that plaintiff could submit additional evidence and request oral argument within 20 days. The Secretary's motion for summary judgment was filed two days later, on July 19, 1984.

## II.

The Secretary asserted in her summary judgment motion that the district court is without subject matter jurisdiction until plaintiff exhausts her administrative remedies, and that neither federal question nor mandamus jurisdiction is available, as there has been no final decision by the Secretary regarding plaintiff's claim by virtue of the reopening of her case by the Appeals Council. Plaintiff argued that the case may be reopened only by the claimant, and that the Appeals Council's failure to review the ALJ's decision within 60 days constitutes final action pursuant to 20 C.F.R. § 404.-969.[4]

---

3. **§ 404.988 Conditions for reopening.**
  A determination, revised determination, decision, or revised decision may be reopened—

  \* .\* \* \* \* \*

  (b) Within four years of the date of the notice of the initial determination if we find good cause, as defined in § 404.989, to reopen the case; ....
  **§ 404.989 Good cause for reopening.**

(a) We will find that there is good cause to reopen a determination or decision if—
  (1) New and material evidence is furnished;
  (2) A clerical error in the computation or recomputation of benefits was made; or
  (3) The evidence that was considered in making the determination or decision clearly shows on its face that an error was made.

4. **§ 404.969 Appeals Council initiates review.**

The district court concluded that the primary issue before it was whether the Appeals Council can reopen a decision after its 60-day period to initiate review has expired by utilizing the reopening regulations in § 404.987 *et seq.* The court found the reasoning of the court in *Munsinger v. Schweiker,* 709 F.2d 1212 (8th Cir.1983), persuasive, and found the reopening regulation available to the Secretary. The district court granted the Secretary's motion for summary judgment, finding that, since the case is reopened, plaintiff has an administrative opportunity to pursue her claim. Plaintiff's complaint was dismissed without prejudice, and the court stated that it assumed that plaintiff would have 20 days from the date of the order to begin pursuing her administrative remedies.

■ This court finds that the district court improperly considered the merits of the reopening issue, since the court did not have subject matter jurisdiction to consider plaintiff's claims once her administrative case was reopened.

The recent Supreme Court case of *Heckler v. Ringer,* 466 U.S. 602, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984), clearly mandates a finding of lack of jurisdiction in the present case whether under the federal question, mandamus, or social security statutes. In *Ringer,* four Medicare claimants brought suit raising various challenges to the Secretary's policy as to the payment of medical benefits known as bilateral carotid body resection (BCBR). The district court dismissed the complaint for lack of jurisdiction, holding that plaintiffs were, in essence, claiming entitlement to benefits for the BCBR procedure, that any challenges to the Secretary's procedure were "inex-

tricably intertwined" with plaintiffs' claims for benefits, and that, therefore, the plaintiffs must exhaust their administrative remedies pursuant to 42 U.S.C. § 405(g) before pursuing their action in federal court.[5] The Court of Appeals for the Ninth Circuit reversed, holding that to the extent respondents were seeking to invalidate the Secretary's *procedure* for determining entitlement to benefits, those claims were cognizable under the federal question and mandamus statutes without complying with the administrative exhaustion requirements of § 405(g). The Supreme Court reversed the court of appeals, agreeing with the district court that the "procedural" claims were "inextricably intertwined" with the plaintiffs' claims for benefits.

The particulars of the *Ringer* plaintiffs' procedural claims were similar to Bisson's claims in the present case:

> They contend that requiring them to pursue administrative remedies in order to obtain BCBR payment violates their rights to prompt administrative action under 5 U.S.C. § 555(b) and § 706(2)(A). Finally, they argue that the Secretary violated the rulemaking requirements of the APA, 5 U.S.C. § 553, in issuing the 1979 instructions and the 1980 formal ruling.

104 S.Ct. at 2019 n. 7. Plaintiffs protested the Secretary's rulings which require claimants to continue to pursue individual administrative appeals in order to receive BCBR payment even though ALJs overwhelmingly had determined that payment is appropriate.

The Court first dealt with the federal question issue and found:

> cision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

Anytime within 60 days after the date of a hearing decision or dismissal, the Appeals Council itself may decide to review the action that was taken. If the Appeals Council does review the hearing decision or dismissal, notice of the action will be mailed to all parties at their last known address.

5. 42 U.S.C. § 405(g) provides in pertinent part:

Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such de-

Thus, to be true to the language of the statute, the inquiry in determining whether § 405(h) bars federal question jurisdiction must be whether the claim "arises under" the Act, not whether it lends itself to a "substantive" rather than a "procedural" label. *See Mathews v. Eldridge,* [424 U.S. 319, 327, 96 S.Ct. 893, 899, 47 L.Ed.2d 18 (1976)] (recognizing that federal question jurisdiction is barred by 42 U.S.C. § 405(h) even in a case where claimant is challenging the administrative *procedures* used to terminate welfare benefits).

In *Weinberger v. Salfi,* [422 U.S. 749, 760–761, 95 S.Ct. 2457, 2464–2465, 45 L.Ed.2d 522 (1975)] we construed the "claim arising under" language quite broadly to include any claims in which "both the standing and the substantive basis for the presentation" of the claims is the Social Security Act. In that case we held that a constitutional challenge to the duration-of-relationship eligibility statute pursuant to which the claimant had been denied benefits, was a "claim arising under" Title II of the Social Security Act within the meaning of 42 U.S.C. § 405(h), even though we recognized that it was in one sense also a claim arising under the Constitution.

Under that broad test, we have no trouble concluding that all aspects of respondents Holmes', Vescio's, and Webster-Zieber's challenge to the Secretary's BCBR payment policy "aris[e] under" the Medicare Act.

104 S.Ct. at 2022.

The Court next turned to the mandamus statute as a basis for finding jurisdiction, and first found that it need not decide whether § 405(g) bars mandamus jurisdiction over claims arising under the Social Security Act since it then found it clear that no writ of mandamus could properly issue. "The common law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear non-discretionary duty." 104 S.Ct. at 2023. The Court found that the

plaintiffs clearly had an adequate remedy in § 405(g) "for challenging all aspects of the Secretary's denial of their claims for payment for the BCBR surgery, *including any objections they have to the instructions or to the ruling if either ultimately should play a part in the Secretary's denial of their claims." Id.* (Emphasis added.) The Court further found that the Secretary's decision as to whether a medical service is "reasonable and necessary" *and the means by which she implements her decision* are clearly discretionary decisions.

Finally, the Court addressed the question of jurisdiction under § 405(g). The Court acknowledged that in certain cases deference to the Secretary's conclusion as to the utility of pursuing the claim through administrative channels is not always appropriate.

We held that *Mathews v. Eldridge* [424 U.S. at 330–332, 96 S.Ct. at 900–901], was such a case, where the plaintiff asserted a procedural challenge to the Secretary's denial of a pretermination hearing, a claim that was wholly "collateral" to his claim for benefits, and where he made a colorable showing that his injury could not be remedied by the retroactive payment of benefits after exhaustion of his administrative remedies.

104 S.Ct. at 2023. The Court found that plaintiffs in *Ringer* had not made such a case.

Plaintiff contends that *Ringer* is distinguishable from the present case. Plaintiff claims that she is not seeking a remedy for a claim, but for "a procedural denial of due process rights, i.e., the Secretary's refusal to process Petitioner's application after being ordered to do so by her own Administrative Law Judge and under 42 U.S.C. § 405(h) such order is binding upon the Secretary." She asserts that she has exhausted her administrative remedies as required by *Ringer.* She further argues that *Ringer* is limited to claims for benefits without exhaustion of administrative procedures, not refusal of government officials to perform their duty after completion of administrative procedures. Plaintiff relies on four cases in which the courts granted

mandamus in social security cases: *White v. Mathews*, 559 F.2d 852 (2nd Cir.1977); *Frost v. Weinberger*, 515 F.2d 57 (2nd Cir. 1975); *Knuckles v. Weinberger*, 511 F.2d 1221 (9th Cir.1975); *Sinatra v. Heckler*, 566 F.Supp. 1354 (E.D.N.Y.1983).

The third sentence of 42 U.S.C. § 405(h) provides that, "No action against the United States, the Secretary, or any officer or employee thereof shall be brought under [§ 1331 et seq., the federal question statute] of Title 28 to recover on any claim arising under [Title II of the Social Security Act]." As in *Ringer* plaintiff here is challenging administrative procedures which arise under the Act. In *White*, *Frost*, *Knuckles* and *Sinatra*, the issue was either simply a refusal by the Secretary to proceed with the claimant's case or a refusal to grant a hearing to which claimant was clearly entitled. The decision by the court to grant mandamus in each case had no bearing on the merits of the claimant's disability claim or on how the Secretary was to proceed with the case. The Secretary was simply ordered to proceed. In the present case, had the district court granted the relief requested by plaintiff it would have been finding for plaintiff in the first step in her claim for benefits, for the result would have been a resolution of the issue of whether plaintiff's coverage was extended. Under *Ringer*, a challenge to administrative procedures which would have such a result "arises under" the Social Security Act. There thus can be no federal question jurisdiction present.

█ It is also clear that mandamus jurisdiction is barred. First, plaintiff has not exhausted all other avenues of relief. It is true that at the time of filing her complaint it was unclear whether administrative avenues were open to plaintiff, but the July 17, 1984 notice to plaintiff that the Appeals Council was reopening her case gave her the opportunity to submit further evidence and arguments and to request oral argument. At that point, plaintiff was no longer arguably in the position of the plaintiffs in *White*, *Frost*, *Knuckles*, and *Sinatra*. The district court ought not to have considered the issue of whether the Appeals Council could, under the statute, reopen the case. Whether or not the Council ought to have done so, once it reopened the case plaintiff had an adequate remedy in proceeding as the Council directed and then, if necessary, bringing suit under § 405(g). In that suit she would be able to bring any objections she has to the Appeals Council's ruling if it ultimately should play a part in the Secretary's denial of her claim. *See Ringer*, 104 S.Ct. at 2023.

Second, as to mandamus jurisdiction, the Secretary's decision on whether plaintiff's coverage was extended *and the means by which she implements her decision* are clearly discretionary decisions. This court, also, need not decide whether § 405(g) bars mandamus jurisdiction over claims arising under the Social Security Act, for it is clear that this is not a case in which mandamus would be appropriate. The clear duty owed here by the Secretary to plaintiff is to act upon her claim. The Secretary is doing so by reopening plaintiff's case. It is not the role of the courts, through mandamus, to order the Secretary *how* to proceed.

Finally, the court does not find jurisdiction under § 405(g). As discussed above, plaintiff's procedural claims are not wholly collateral to her claim for benefits. Ordering the Secretary to accept the ALJ's order would be a decision on the first step in the administrative process of determining whether plaintiff qualifies for benefits. Further, plaintiff has made no showing that her injury could not be remedied by the retroactive payment of benefits after exhaustion of her administrative remedies. The fact that plaintiff claims that the administrative avenue she is being allowed to pursue is improperly open is irrelevant. She can still proceed through the avenue available to her now and may eventually win an award of benefits.

The court is aware that a possible course of events subsequent to this decision is that plaintiff will pursue the administrative action offered and the Appeals Council will find that she does not qualify for benefits due to lack of sufficient quarters of work. Plaintiff will then file suit under § 405(g), presenting as the initial issue for the district court whether the Appeals Council had the right to reopen her case. Thus,

much time will have been wasted, only to end up back in the district court with the same issue. However, we concur with the conclusion of the Court in *Ringer:*

> In the best of all worlds, immediate judicial access for all of these parties might be desirable. But Congress, in § 405(g) and § 405(h), struck a different balance, refusing declaratory relief and requiring that administrative remedies be exhausted before judicial review of the Secretary's decisions takes place. Congress must have felt that cases of individual hardship resulting from delays in the administrative process had to be balanced against the potential for overly casual or premature judicial intervention in an administrative system that processes literally millions of claims every year. If the balance is to be struck anew, the decision must come from Congress and not from this Court.

104 S.Ct. at 2028 (footnote omitted).

Accordingly, the summary judgment granted by the district court is REVERSED and this action is REMANDED to the district court to be dismissed for lack of jurisdiction.