Luster SLONE, Plaintiff-Appellant,

v.

**SECRETARY OF HEALTH AND
HUMAN SERVICES,**
Defendant-Appellee.

No. 86–3272.

United States Court of Appeals,
Sixth Circuit.

Argued March 16, 1987.

Decided Aug. 11, 1987.

Rehearing and Rehearing En Banc
Denied Sept. 24, 1987.

Frank J. Neff (argued), Columbus, Ohio,
for plaintiff-appellant.

Joseph E. Kane, Asst. U.S. Atty., Columbus, Ohio, Michael C. Messer (argued),
Asst. Regional Counsel—HHS, Chicago,
Ill., for defendant-appellee.

Before KRUPANSKY and BOGGS, Circuit Judges; and TAYLOR, District Judge. *

KRUPANSKY, Circuit Judge.

Plaintiff-appellant Luster Slone (Slone) appealed from an order of the district court which dismissed his petition for a writ of mandamus filed pursuant to 28 U.S.C. § 1361. The district court dismissed the petition for lack of subject matter jurisdiction.

Slone was born on August 24, 1937, and received seven years of formal education. He last worked on August 15, 1972, when a back injury and mental illness allegedly caused him to leave his job as a "steel fabricator." At that time, Slone applied for and was granted disability benefits under the State of Ohio Welfare Plan. When the Ohio benefits plan was incorporated into the federal benefits program pursuant to the enactment of Title XVI of the Social Security Act (the Act), Slone's claim was transferred into the federal program and Slone began receiving Title XVI benefits.

While he was receiving Title XVI benefits, Slone filed two claims for benefits under Title II of the Act.[1] Slone filed his first claim in December, 1972, in which he asserted that he had been disabled since August, 1972. The Secretary denied the claim in March, 1976, reasoning that Slone was not "disabled" within the meaning of the Act prior to the expiration of his insured status. Slone did not appeal from this denial, but instead filed a second claim for Title II benefits in April, 1981. Slone's second claim was denied initially and upon reconsideration, and Slone made a timely request for review under an Administrative Law Judge (ALJ).

While conducting de novo review of Slone's second claim, the ALJ compared the disability test employed by the State of Ohio Welfare Plan, with the disability test utilized under Title II of the Act. The ALJ determined that the criteria employed under the Ohio test were more "severe" than those employed under the Act. Because Slone had been found to be disabled under the Ohio test, the ALJ reasoned that the March, 1976 denial was erroneous and hence that he had jurisdiction to reopen Slone's first claim for Title II benefits. The ALJ then reviewed the claim and, in a decision dated June 8, 1982, granted Title II benefits retroactively to August, 1972.

In a letter dated February 6, 1984, the Appeals Council notified Slone that it intended to reopen his case pursuant to 20 C.F.R. § 404.988(b).[2] The Council reasoned that the ALJ's decision was erroneous on its face because, in accordance with the regulations existing at the time of his decision, the ALJ erred when he impliedly concluded that the Secretary was bound by a determination of disability made under the Ohio test. The Council permitted Slone to present new evidence, however, Slone objected to the reopening of his case. Subsequent to a full hearing, the Council modified the ALJ's decision and denied benefits. Timely notice of the Council's adverse decision was mailed to and received by Slone advising him that, pursuant to 42 U.S.C. § 405(g), he was required to commence an appeal in district court within sixty days after the mailing of the notice,

---

* Hon. Anna Diggs Taylor, United States District Judge for the Eastern District of Michigan, sitting by designation.

1. There are several benefits programs under the Act, including the Disability Insurance Benefits Program of Title II (42 U.S.C. §§ 401 et seq.) and the Supplemental Security Income Program of Title XVI (42 U.S.C. §§ 1381 et seq.). Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch, *Federal Disability Law and Practice* § 1.1 (1984). The two programs have different eligibility requirements. Accordingly, entitlement to benefits under one program is not indicative of entitlement to benefits under the other program.

2. Section 404.988(b) provides that a prior social security determination can be reopened for revision:

"[w]ithin four years of the date of the notice of the initial determination if we find good cause, as defined in § 404.989, to reopen the case...."

20 C.F.R. § 404.988(b). Section 404.989(a)(3) states that "good cause" exists where:

"[t]he evidence that was considered in making the determination or decision clearly shows on its face that an error was made."

20 C.F.R. § 404.989(a)(3).

to receive judicial review of the Council's actions. Despite the notice, Slone did not file an appeal under § 405(g) until September 12, 1984, sixty-nine days after the notice was mailed to him. The district court subsequently granted the Secretary's motion to dismiss the § 405(g) action as untimely.

On September 14, 1984, Slone initiated this separate action in district court seeking a writ of mandamus ordering the Secretary to reinstate benefits. In his petition, Slone charged that the Secretary had a non-discretionary duty to refrain from reopening the ALJ's decision. Slone alternatively alleged that his case should be remanded to the Secretary for reconsideration under the revised listings governing mental illness, that were promulgated pursuant to the enactment of the Social Security Disability Reform Act of 1984. The Secretary answered the complaint by filing a motion to dismiss for lack of subject matter jurisdiction.

In the order in which it granted the Secretary's motion to dismiss, the district court concluded that Slone's petition for mandamus was essentially one seeking the payment of Social Security Benefits. The district court then analyzed the merits of Slone's alternative request for remand for reconsideration under the new listings, and dismissed the mandamus action for lack of jurisdiction. Slone filed a timely appeal from the order dismissing his petition for mandamus.

The Sixth Circuit has expressly declined to decide if 42 U.S.C. § 405(g) is an absolute bar to mandamus jurisdiction over claims that arise under the Social Security Act. *Bisson v. Secretary of Health and Human Services*, 787 F.2d 181, 185 (6th Cir.1986). This panel has determined that the issue need not be addressed because it is apparent from the particular facts of this case that the district court was without jurisdiction to entertain Slone's petition, given that the petition was correctly characterized as one that essentially sought the payment of benefits for which further exhaustion would not have been futile.

Mandamus jurisdiction in federal courts is governed by 28 U.S.C. § 1361, which provides that

The district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

"The existence of jurisdiction under section 1361 is inextricably bound with the merits of whether a writ of mandamus should [be] issue[d]...." *Maczko v. Joyce*, 814 F.2d 308, 310 (6th Cir.1987). Accordingly, jurisdiction to entertain a petition for its issuance cannot exist unless the plaintiff colorably demonstrates either that he has exhausted all other avenues of relief, or that further exhaustion should be excused. *Bisson*, 787 F.2d at 185. Where the social security claimant's mandamus petition is essentially one seeking the payment of benefits, the claimant must establish either that he exhausted, or that he should be excused from exhausting, the avenue of direct appeal provided by 42 U.S.C. § 405(g) when the Secretary reopened his case. *Id.*

Slone's first argument on appeal is that the district court erred when it characterized his mandamus petition as one that essentially sought the payment of benefits, and is without merit. Slone expressly stated that his petition for a writ of mandamus was to mandate the Secretary to reinstate benefit payments. Further, the petition was exclusively based upon his assertion that the Secretary lacked discretion to reopen his case. Assuming that this assertion was correct, the singular and necessary reason for issuing the writ would be to order the Secretary to reinstate the payment of benefits to Slone. Thus, despite the manner in which the instant cause of action was framed, Slone's cause of action was barred as untimely since it was cognizable under 42 U.S.C. § 405(g).

Slone's second argument, that further exhaustion of remedies provided by § 405(g) would have been futile in light of the Supreme Court's decision in *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51

L.Ed.2d 192 (1977), is equally unpersuasive. The issue addressed by the Court in *Sanders* was whether § 405(g) authorized judicial review of an alleged abuse of agency discretion in *refusing to reopen* a prior determination in which social security benefits were denied. 97 S.Ct. at 985. In reaching the conclusion that § 405(g) did not authorize judicial review of such an alleged abuse, the Court stated that

> [Section 405(g)] clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.'

> \*   \*   \*   \*   \*   \*

> Moreover, an interpretation that would allow a claimant judicial review simply by filing—and being denied—a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in [§ 405(g)], to impose a 60–day limitations upon judicial review of the Secretary's final decision on the initial claim for benefits.

*Id.* at 986 (citations omitted).

Judicial review of an alleged abuse of discretion in *reopening* a prior determination in which benefits were granted does not implicate the concerns articulated by the Supreme Court in *Sanders.* Unlike the decision to reject a claimant's request to reopen his case, the Secretary's decision to reopen Slone's case resulted in a hearing and a final decision on the merits. Hence, the Secretary's decision produced the particular type of agency action that is subject to judicial review under § 405(g). Further, by requiring Slone to challenge the propriety of the decision to reopen his case within the time limits provided under § 405(g), the congressional purpose of imposing a statute of limitations is promoted rather than frustrated.

Therefore, it is apparent that further exhaustion would not have been futile and that Slone failed to colorably demonstrate that the district court had jurisdiction to entertain his petition for a writ of mandamus.

Accordingly, the judgment of the district court dismissing Slone's petition for lack of subject matter jurisdiction is AFFIRMED.[3]

---

**3.** Absent proper jurisdiction, it would not be appropriate to assess the merits of Slone's claim that he is entitled to remand for reconsideration under the newly revised listings governing mental illness. *See Bisson,* 787 F.2d at 185–186 (court not reaching the merits of the claimant's case because the court lacked jurisdiction). Accordingly, this court does not reach that issue.