**Paul WEISS, Plaintiff,**

v.

**SECRETARY OF the UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. CV 93–0056.**

United States District Court, E.D. New York.

July 29, 1994.

Robert, Lerner & Bigler by Charles Robert, Rockville Centre, NY, for plaintiff.

Zachary W. Carter, U.S. Atty. by Nancy Miller, Asst. U.S. Atty., Brooklyn, NY, for defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 1361 challenging the Secretary of Health and Human Services' ("Secretary") determination that plaintiff's request for reconsideration of an unfavorable initial determination of a Medicare claim was untimely filed. Presently before the Court is the Secretary's motion to dismiss the complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the ground that this Court lacks subject matter jurisdiction over this action. For the reasons below, the motion is denied, and this matter is remanded to the Secretary for a prompt determination of the timeliness of plaintiff's request for reconsideration.

### I. BACKGROUND

The background as alleged in the complaint is as follows. On January 7, 1991, Empire Blue Cross ("Empire"), the Secretary's fiscal intermediary,[1] mailed to plaintiff a Notice of Medicare Claim Determination informing him that his claim for nursing

---

**1.** Under Medicare Part A, the Medicare program applicable here, a private insurer, known as a fiscal intermediary, reviews claims, makes payment determinations and pays allowable claims. 42 C.F.R. § 421.200.

home benefits for the period of November 1, 1990 to November 30, 1990 was denied because plaintiff "did not need skilled nursing or skilled rehabilitation services or did not need them on a daily basis." Complaint ¶ 8. On January 25, 1991, plaintiff submitted, through his counsel, a request for reconsideration to Empire of Empire's initial determination denying benefits. Complaint ¶ 9.

Under applicable regulations, a request for reconsideration of an initial determination denying benefits must be filed within 60 days after receipt of notice of the initial determination unless the claimant obtains an extension of time to file such a request by showing "good cause." *See* 42 C.F.R. §§ 405.710–712. Absent a showing of good cause, the individual loses his right to further administrative and judicial review. 20 C.F.R. § 404.900(b). A reconsidered determination is final and binding on the parties unless a request for a hearing before an administrative law judge is filed within 60 days of receipt of the notice of the reconsidered determination. 42 C.F.R. § 405.717.

By letter dated July 15, 1991, plaintiff's counsel inquired of Empire as to the status of the reconsideration request. Complaint ¶ 10. In response, by letter to plaintiff's counsel dated July 23, 1991, Empire stated that it had "no record of receipt of a reconsideration request from your office in January for [plaintiff]," and was "returning [plaintiff's] request . . . as it is now too late to file a reconsideration request for this claim period." The July 23 letter also stated that "[i]n the future, if you do not receive a letter acknowledging the reconsideration request within 15 days, you should contact this office to see if we received your request." Complaint ¶ 11. By letter dated August 1, 1991, plaintiff's counsel responded to Empire's July 23 letter. Complaint ¶ 12.

In the August 1 letter, plaintiff's counsel again advised Empire that a request for reconsideration was sent to Empire on January 25, 1991 and, therefore, was timely. Accordingly, plaintiff's counsel requested that Empire perform a reconsideration. In response to the August 1 letter, Empire informed plaintiff's counsel, by letter dated August 15, 1991, that it would not perform a reconsider-

ation. Complaint ¶ 13. In the August 15 letter, Empire explained that it had previously informed plaintiff's counsel that the "July 15, 1991 request was late filed." Empire further wrote:

Your office has filed enough reconsideration requests to be aware of our procedures. When we receive a reconsideration request, we respond with an acknowledgement letter. Since you state that you submitted a reconsideration request in January 1991, you should have received an acknowledgement letter in early February 1991, if we had received your request. If you received no letter, your office should have followed-up on the request and failed to do so until July 15, 1991. Waiting almost 6 months to inquire on the status of the reconsideration does not fall under good cause for late filing.

On August 22, 1991, plaintiff requested a hearing before an administrative law judge to "address the issue of whether or not the request [for reconsideration] was timely filed in January, 1991." Complaint ¶ 14. Under applicable regulations, an individual does not have a right to a hearing upon an initial determination if the initial determination has not been reconsidered. 42 C.F.R. § 405.720. Accordingly, an administrative law judge may dismiss a request for a hearing when the claimant has no right to a hearing under 20 C.F.R. § 404.930(a) because a reconsidered determination has not been made. *See* 20 C.F.R. § 404.957(c)(2). According to the complaint,

On November 27, 1991, an Order of Dismissal was issued by [the Administrative Law Judge (the "ALJ")], citing 20 C.F.R. § 404.930(a), which does not provide a right to a hearing unless a reconsideration determination has been rendered on the matter in issue, and 20 C.F.R. § 404.-957(c)(2), allowing the request for a hearing to be dismissed where the party making the request does not have a right to a hearing under section 404.930.

Complaint ¶ 15.

On December 5, 1991, plaintiff requested that the Appeals Council review the ALJ's decision to dismiss the hearing request. Complaint ¶ 16. By decision dated Novem-

ber 5, 1992, the Appeals Council determined that in the absence of a reconsidered determination by Empire, neither the ALJ nor the Appeals Council had jurisdiction to review Empire's actions. Complaint ¶ 18.

On January 6, 1993, plaintiff commenced the present action. The Secretary moves to dismiss the complaint, contending that this Court lacks subject matter jurisdiction over this action.

## II. *DISCUSSION*

Judicial review of an individual's claim for benefits is governed by 42 U.S.C. § 405(g), which provides that "[a]ny individual, after any final decision of the Secretary made after a hearing to which he was a party . . . may obtain review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow." The Secretary argues, however, that this Court does not have jurisdiction over this action under § 405(g) because plaintiff does not seek review of a "final decision" of the Secretary. *See Dietsch v. Schweiker,* 700 F.2d 865, 867 (2d Cir.1983).

In *Dietsch,* plaintiff Dietsch sought judicial review of a dismissal by the Appeals Council of his request for review of an ALJ's decision affirming denial of disability benefits. Dietsch alleged that his attorney mailed a request for review of the ALJ's decision on the last day of the 60–day period provided by the applicable regulations, even though it was postmarked the 61st day. *Id.* at 866–67. However, the Appeals Council dismissed the request as untimely on the ground that it was not filed until the 61st day—the day it was mailed. *Id.* at 867. Plaintiff then commenced a civil action. In the action the

Secretary took the position—contrary to the Secretary's position at the administrative level—that actual receipt of the request by the Appeals Council, not mailing, constituted "filing"; therefore, even if the request was mailed on the 60th day, it was not timely. *Id.* The district court, without determining when the request was actually mailed, agreed with the Secretary's argument and dismissed the complaint for lack of subject matter jurisdiction on the ground that there was no final decision by the Secretary. *Id.*

On appeal, the Second Circuit found that the district court had no jurisdiction under § 405(g). In this respect, the court stated:

> The Appeals Council may dismiss an untimely request for review, and such a dismissal is not reviewable by the district court because it is not a "final decision" within the meaning of § 405(g). The Appeals Council may also extend the filing time on a showing of good cause, but a refusal to do so, like a dismissal of an untimely request, is not subject to judicial review.

*Id.* (citations omitted); *see also Bernstein ex rel. Bernstein v. Shalala,* CV 93–0375, slip op. (E.D.N.Y. May 27, 1994) (Spatt, J.) (relying on *Dietsch* in finding no jurisdiction under § 405(g) to review the Secretary's dismissal of an untimely request for reconsideration of unfavorable initial determinations for failure to establish "good cause" for late filing).[2]

However, the *Dietsch* court found jurisdiction available under 28 U.S.C. § 1361, which confers upon the district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The

---

**2.** *See Califano v. Sanders,* 430 U.S. 99, 107–08, 97 S.Ct. 980, 985–86, 51 L.Ed.2d 192 (1977). In *Sanders,* the Supreme Court held that § 405(g) did not authorize judicial review of the Secretary's discretionary determination refusing, without a hearing, to reopen a prior application for Social Security benefits as there was no "final decision" within the meaning of § 405(g). *Id.* The Court found that § 405(g) "clearly limits judicial review to . . . a 'final decision of the Secretary made after a hearing.'" *Id.* The Court reasoned that the intent of Congress was to

"limit judicial review to the original decision denying benefits." *Id.* The Supreme Court does recognize, however, an exception to the exhaustion requirement for § 405(g) jurisdiction in situations where a constitutional due process challenge is raised. *See Mathews v. Eldridge,* 424 U.S. 319, 330–32, 96 S.Ct. 893, 900–02, 47 L.Ed.2d 18 (1976); *Weinberger v. Salfi,* 422 U.S. 749, 764–67, 95 S.Ct. 2457, 2466–68, 45 L.Ed.2d 522 (1975). Because plaintiff does not raise such a claim and because, as discussed below, this Court finds that mandamus jurisdiction lies, this Court need not reach this issue.

court held that § 1361 "provides jurisdiction to review otherwise unreviewable procedural issues not related to the merits of a claim for benefits." *Id.* at 868.[3] In this respect, the court found that Dietsch's challenge was a procedural one unrelated to the merits of his claim for benefits in that "he seeks to compel the Appeals Council to perform its duty with respect to a *timely* request for review, 20 C.F.R. §§ 404.967, 404.981, and either deny the request or review his case." *Id.* (emphasis added). In addition, the court found that Dietsch had no other avenue for relief. *Id.* Thus, the court addressed the merits of Dietsch's claim, and held that mailing satisfies the filing requirement. *Id.* In directing the district court to remand to the Secretary, the court stated:

> [C]ounsel for [Dietsch] has sworn in an affidavit, which was not before the Appeals Council, that the request was mailed on ... the last day of the filing period. Since on this appeal the Secretary urged only that the mailing did not constitute filing, an argument which we reject, we do not now know if the Secretary accepts counsel's credibility on this critical fact. If he does not, then an administrative record with appropriate findings must be developed to establish when the request was mailed.

*Id.* at 869.

 While § 405(g) jurisdiction apparently does not lie here, mandamus jurisdiction under § 1361 does. Plaintiff's challenge is a procedural one unrelated to the merits of his claim for Medicare benefits, and plaintiff has no other avenue for relief. Moreover, plaintiff has the right to reconsideration of an initial determination where the request is, in fact, timely, and, therefore, the right to compel the Secretary to perform his duty to reconsider an initial determination upon a *timely* reconsideration request. *See* 42 C.F.R. §§ 405.710–11. Since the Secretary obviously did not accept plaintiff's counsel's

credibility on plaintiff's claim that the request was mailed on January 25, 1991, an administrative record with appropriate findings should have been developed to establish whether the request was, in fact, mailed on January 25, 1991. *See Dietsch,* 700 F.2d at 869.[4] Such mailing, as *Dietsch* establishes, would constitute "filing" of the request for reconsideration. *See id.* at 868. The determination by Empire that plaintiff's counsel should have been aware of Empire's procedure of sending an acknowledgement letter within 15 days of receipt of a request for reconsideration is not, of itself, an adequate basis for rejecting counsel's credibility and denying the reconsideration request as untimely. A hearing, therefore, is necessary to determine whether or not a request for reconsideration was timely mailed by plaintiff's counsel on January 25, 1991.

### *CONCLUSION*

For the reasons above, the Secretary's motion to dismiss is denied, and this matter is remanded to the Secretary for a prompt determination of the timeliness of plaintiff's request for reconsideration.

SO ORDERED.

■

---

3. As the Second Circuit later held: "A writ of mandamus will not issue unless (1) the plaintiffs have the right to have the act performed, (2) the defendant is under a clear nondiscretionary duty to perform the act requested, and (3) plaintiff has exhausted all other avenues of relief." *City of New York v. Heckler,* 742 F.2d 729, 739 (2d Cir.1984).

4. Although *Dietsch* analyzed the jurisdictional issue in the context of a request for review by the Appeals Council of an ALJ's decision, it does not appear to this Court that a different analysis should apply when addressing the jurisdictional issue in the context, as here, of a request for reconsideration of a fiscal intermediary's initial determination.