**Jeanette JONES, Plaintiff,**

v.

**Michael J. ASTRUE, Commissioner of Social Security, Defendant.**

**No. 07 Civ. 419(DC).**

United States District Court, S.D. New York.

Dec. 18, 2007.

Lansner & Kubitschek by Carolyn A. Kubitschek, New York City, for Plaintiff.

Michael J. Garcia, Esq. by Susan D. Baird, Esq., Assistant United States Attorney, New York City, United States Attorney for the Southern District of New York.

### *MEMORANDUM DECISION*

CHIN, District Judge.

Plaintiff Jeanette Jones brings this action challenging the determination of defendant Commissioner of the Social Security Administration (the "Commissioner" and the "SSA," respectively) that she was not entitled to Social Security Disability Insurance ("SSDI") benefits under the Social Security Act (the "Act"). In particular, she challenges the dismissal of her request for review of the Administrative Law Judge's decision. The Commissioner moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons set forth below, the motion is denied and the matter is remanded to the Commissioner for a hearing to determine the timeliness of plaintiff's request for review.

### *BACKGROUND*

As alleged in the complaint and in plaintiff's affidavit submitted in response to the Commissioner's motion, the facts are as follows:

Jones filed an application *pro se* for SSDI benefits on October 14, 1997, asserting that she suffered severe arthritis in her hands and knees, which prevented her from working. (Am.Compl.¶4). The application was denied initially and on reconsideration. (*Id.*). Plaintiff subsequently filed a timely request for a hearing before an Administrative Law Judge ("ALJ"). (*Id.* at ¶5; Pl. Aff. ¶7).

The ALJ Jonathan Jacobs considered plaintiff's claim at a hearing on May 12,

2001. (Am.Compl.¶5). In a decision issued June 12, 2001, the ALJ found that Jones was not disabled within the meaning of the Act and denied her claim for disability benefits. (*Id.* at ¶6). Although the decision was dated June 12, 2001, plaintiff did not receive it in the mail until July 12, 2001. (*Id.* at ¶7; Pl. Aff. ¶11). In a letter addressed to the Office of Hearings and Appeals at 26 Federal Plaza, dated September 6, 2001, a copy of which has been submitted to the Court, plaintiff requested a review of the ALJ's decision. (Am. Compl. ¶8; Pl. Aff. ¶14). She received no response to this letter. (Am. Compl. ¶10; Pl. Aff. ¶¶16–17). She telephoned the SSA several times to inquire as to the status of the matter and was told "it would be quite some time" before she received a decision. (Pl.Aff.¶16).

On June 21, 2005, after she had obtained counsel, plaintiff wrote the Appeals Council to request a review of the ALJ's decision. (Am.Compl.¶11). In December 2006, the Appeals Council dismissed that request as untimely, noting:

> The [June 2005] letter is the first indication to the Social Security Administration that the claimant wanted to appeal the Administrative Law Judge's decision dated June 12, 2001 as the record does not establish that an earlier appeal was requested or filed. The medical record does not establish that she was unable to file an appeal on her own. Further, the claimant did not inquire about her alleged appeal until after she received a determination dated April 18, 2005 on a subsequent [Supplemental Security Income] application dated January 14, 2005.

(Herbst Decl. Ex. 4). The next month, plaintiff commenced the instant action, asserting that the Commissioner's ruling denied her due process. (Compl. at ¶14). She seeks reversal of the Appeal Council's decision and an order instructing it to review the ALJ's decision on the merits or remanding the matter for a new administrative hearing. (*Id.*).

The Commissioner moved to dismiss the complaint on May 29, 2007 for lack of subject matter jurisdiction and failure to state a claim. Plaintiff filed an amended complaint on June 15, 2007, adding that the Appeals Council had abused its discretion and requesting that the Court also reverse the Commissioner's 2001 decision that plaintiff was ineligible for SSDI benefits.[1]

## DISCUSSION

### A. Applicable Law

#### 1. Subject Matter Jurisdiction [2]

In considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), federal courts "need not accept as true contested jurisdictional allegations." *Jarvis v. Cardillo*, No. 98–CV–5793 1999 WL 187205, at *2 (S.D.N.Y. Apr. 6, 1999). Rather, a court may resolve disputed jurisdictional facts by referring to evidence outside the pleadings. *See Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000); *Filetech S.A. v. France Telecom S.A.*, 157 F.3d 922, 932 (2d Cir.1998). As the party "seeking to invoke the subject matter jurisdiction of the district court," *Scelsa v. City Univ. of New York*, 76 F.3d

---

**1.** Since plaintiff's amended complaint makes the same factual allegations as the original complaint, the Court considers defendant's motion to dismiss as addressing the amended complaint.

**2.** Beyond asserting that the Court lacks subject matter jurisdiction, defendant makes no separate argument that plaintiff has failed to state a claim upon which relief can be granted. Accordingly, the Court reviews the complaint under the standard applicable to Rule 12(b)(1).

37, 40 (2d Cir.1996), the plaintiff bears the burden of demonstrating that there is subject matter jurisdiction in the case. *Aurecchione v. Schoolman Transp. Sys., Inc.,* 426 F.3d 635, 638 (2d Cir.2005). Though "no presumptive truthfulness attaches to the complaint's jurisdictional allegations," *Guadagno v. Wallack Ader Levithan Assoc.,* 932 F.Supp. 94, 95 (S.D.N.Y.1996), a court should " 'constru[e] all ambiguities and draw[ ] all inferences' in a plaintiff's favor." *Aurecchione,* 426 F.3d at 638 (quoting *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir.2000)).

### 2. *Review of Commissioner's Decision*

#### a. *42 U.S.C. § 405(g)*

■ A court may review "any final decision of the Commissioner ... made after a hearing." 42 U.S.C. § 405(g). The Second Circuit has interpreted § 405(g) to require that administrative procedures generally be exhausted before judicial review is possible. *Dietsch v. Schweiker,* 700 F.2d 865, 867 (2d Cir.1983). These include the requirement that a claimant file a written request to the Appeals Council for review of an ALJ's decision "within 60 days after the date [the claimant] receive[s] notice of the hearing decision or dismissal." 20 C.F.R. 404.968(a)(1); *see Dietsch,* 700 F.2d at 867; *Rivera v. Apfel,* No. 01–CV–0752, 2001 WL 699065, *2 (S.D.N.Y. June 21, 2001).

■ The Appeals Council may dismiss an untimely request for review, 20 C.F.R. § 404.971, and such dismissal is generally not reviewable by the district court because it is not a "final decision" within the meaning of § 405(g). *Dietsch,* 700 F.2d at 867; *Mendez v. Chater,* 96–CV–4290, 1997 WL 278056, at *3 (S.D.N.Y. May 22, 1997). The Appeals Council may also extend the filing time on a showing of good cause, 20 C.F.R. § 404.968(b), but a refusal to do so is not subject to judicial review under § 405(g). *Dietsch,* 700 F.2d at 867.

#### b. *28 U.S.C. § 1361*

■ Absent a final decision by the Commissioner, a court may still exercise jurisdiction under 28 U.S.C. § 1361 "to review otherwise unreviewable procedural issues not related to the merits of the claim for benefits." *Dietsch,* 700 F.2d at 868; *see Weiss v. U.S. Dep't. of Health Servs.,* 859 F.Supp. 58, 62 (E.D.N.Y.1994); *Sinatra v. Heckler,* 566 F.Supp. 1354, 1358 (E.D.N.Y.1983). The statute grants courts jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed the plaintiff." 28 U.S.C. § 1361. Mandamus jurisdiction will not apply unless "(1) the plaintiffs have a right to have the act performed, (2) the defendant is under a clear nondiscretionary duty to perform the act requested, and (3) plaintiff has exhausted all other avenues of relief." *City of New York v. Heckler,* 742 F.2d 729, 739 (2d Cir.1984). When the Appeals Council fails to fully perform its duty to review, the court has mandamus jurisdiction over actions challenging the dismissal of claimants' allegedly untimely requests. *See Dietsch,* 700 F.2d at 868 (holding case should be remanded to the Commissioner to determine whether request for review was mailed within 60–day period when Appeals Council dismissed request as untimely without properly interpreting its filing requirements).

### B. *Application*

#### 1. *Final Decision*

■ The first issue is whether plaintiff obtained a "final decision" before commencing her civil action. She did not. The Appeals Council dismissed plaintiff's request for review as untimely in December 2006. Although this dismissal ostensi-

bly foreclosed plaintiff's avenues for administrative review, it did not constitute a final decision within the meaning of § 405(g). Accordingly, the Court does not have jurisdiction to review the Appeals Council's decision pursuant to § 405(g).

### 2. Duty to Review

■ The second issue is whether the Appeals Council properly performed its duty to review plaintiff's request.[3] Because the record is unclear as to whether it did, the Court exercises mandamus jurisdiction to remand the case to the Appeals Council for a consideration of plaintiff's assertions concerning the timeliness of her request for review.

The Appeals Council did not specifically address plaintiff's detailed assertions that she submitted a timely request for review. In her letter of June 21, 2005, plaintiff's lawyer told the Appeals Council that plaintiff had written a letter requesting review on September 6, 2001, within 60 days of receiving the ALJ's decision in the mail. (Herbst Decl. Ex. 3). Before this Court, plaintiff has now provided a sworn affidavit which further details her efforts to request the Appeal Council's review. Plaintiff has stated, under oath, that she did not receive the notice until July 12, 2001 and that she hand-delivered a written request for review on September 6, 2001, within sixty days thereof. (Pl. Aff. ¶¶ 12–14, see Am. Compl. ¶ 8;). She also asserts that she called several times to inquire about the status of her case and was told that "it would be quite some time" before she received a decision in her case. (Pl. Aff.¶ 16). If plaintiff is being truthful, then she in fact made a timely request for review. In view of the circumstances that the letter was addressed to the Office of

Hearing and Appeals at 26 Federal Plaza, and was purportedly delivered just a few days before the disruption caused by the events of September 11, 2001, it is not surprising that Commissioner has no record of receiving the request.

In contrast, the Appeals Council apparently relied principally on the absence of any record that plaintiff's request was submitted. (See Herbst Decl. Ex. 4). It held no hearing on the timeliness of plaintiff's request and its dismissal notice offers no indication that it evaluated plaintiff's assertions that she received late notice of the ALJ's decision or that she hand-delivered her subsequent request in 2001. Although the Commissioner apparently did not accept plaintiff's credibility on these crucial facts, the record is simply not clear as the Commissioner did not make specific findings in this respect. An administrative record with appropriate findings should have been developed to establish when the notice of decision was received and whether the request was, in fact, delivered on September 6, 2001. See Weiss, 859 F.Supp. at 62 (matter remanded when Appeals Council denied request without developing administrative record evaluating credibility of plaintiff's claims); see also Dietsch, 700 F.2d at 869. The SSA's Hearings, Appeals and Litigation Law Manual specifies that "when a claimant or representative makes a specific argument or contention or raises a question or issue which is pertinent to the matter(s) before the Appeals Council in a request for review ... the language [in the dismissal notice] must respond to each argument or point raised." Hearings, Appeals and Litigation Law Manual, Chapter I–3–5–30 available at http://www.ssa.gov/OP__Home/hallex/I–03/I–3–5–30.html.[4] The Ap-

---

**3.** Since plaintiff has no other open avenue for relief, and the regulations establish her right to request review of an ALJ decision, the Court focuses on the remaining factor: the Appeals Council's duty to review.

**4.** It also specifies that the dismissal notice must "clearly explain to the claimant and a reviewing court why the Appeals Council

peals Council did not meet this standard; its dismissal barely acknowledged plaintiff's assertions. It would thus seem that the Commissioner did not fully and fairly consider plaintiff's assertions in this respect. Accordingly, it did not satisfy its duty to review.

### CONCLUSION

For the foregoing reasons, defendant's motion is denied and the matter is remanded to the Commissioner for a prompt determination of the timeliness of plaintiff's request for review.

SO ORDERED.

found the ALJ hearing decision to be supported by substantial evidence." *Id.*