**Charles HIRONYMOUS,**
**Plaintiff-Appellant,**

v.

**Dr. Otis R. BOWEN,\* Secretary of**
**Health and Human Services,**
**Defendant-Appellee.**

**No. 85–2195.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 15, 1986.\*\*

Decided Sept. 23, 1986.

---

\* Dr. Otis R. Bowen has been substituted for Margaret M. Heckler pursuant to Fed.R.App.P. 43(c)(1).

\*\* The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 3(f).

Timothy C. Nelson, Mastiagni, Holstedt & Chiruazzi, Sacramento, Cal., for plaintiff-appellant.

Karen Cornick-Dandridge, Baltimore, Md., for defendant-appellee.

Before NELSON, CANBY, and NOONAN, Circuit Judges.

CANBY, Circuit Judge:

Charles Hironymous appeals the district court's dismissal of his action against Dr. Otis R. Bowen, Secretary of Health and Human Services ("the Secretary"). Hironymous sought a writ of mandamus to compel the Secretary to pay him Supplemental Security Income benefits. The district court found that it had subject matter jurisdiction over Hironymous's action, but dismissed it on the merits. We find that because Hironymous failed to exhaust his administrative remedies, the district court lacked subject matter jurisdiction over the action. We therefore vacate the district court's judgment and remand for dismissal for lack of jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

In November, 1981, Hironymous filed for Supplemental Security Income (SSI) benefits. At his first hearing before an administrative law judge (ALJ), he was found disabled. Hironymous then had a second hearing before another ALJ, ALJ Cook, on the issue whether he was ineligible for SSI benefits due to "resources in excess of the amount permitted under title XVI." ALJ Cook found that on or about May 14, 1982, the remaining proceeds of Hironymous's $40,000 worker's compensation settlement were below the statutory maximum of $1,500. *See* 42 U.S.C. § 1382(1)(B)(ii). ALJ Cook concluded by remanding the case to the Social Security Administration so that it could review "other factors of eligibility."

On June 8, 1984, Hironymous received a notice from the Social Security Administration rejecting his claim. The Social Security Administration explained that it had found that Hironymous had sold one of his motorcycles at less than fair market value and that when the uncompensated value of the sale was charged to him, his resources exceeded the statutory maximum.

Hironymous then filed a request with the Social Security Administration for reconsideration of his claim. This request was denied on June 22, 1984.

On July 24, 1984, Hironymous filed a complaint with the United States District Court for the Eastern District of California to compel the Secretary to pay him SSI benefits. He alleged that ALJ Cook's decision barred the Social Security Administration from denying him benefits on the basis of resources in excess of the statutory maximum. Hironymous requested relief under the Mandamus and Venue Act of 1962, 28 U.S.C. § 1361.

Hironymous next filed a request with the Social Security Administration for a hearing. Hironymous's request was assigned to ALJ Cahn. ALJ Cahn wrote a letter to the component of the Social Security Administration that had denied Hironymous's claim inquiring why ALJ Cook's decision had not been implemented. The Social Security Administration answered that the issue of the fair market value of Hironymous's motorcycle was a factor of eligibility left open by ALJ Cook's decision. Thus, it was free to reject Hironymous's claim on the basis of its revised estimation of Hironymous's resources.

On January 31, 1985, ALJ Cahn wrote to Hironymous's counsel proposing to dismiss Hironymous's request for a hearing on the ground that the identical issue was pending before a federal district court. In that letter, ALJ Cahn informed Hironymous that he had ten days to submit any comments on his proposal to dismiss. On February 21, 1985, having received no comment, ALJ Cahn dismissed Hironymous's request for a hearing.

On May, 14, 1985, the district court dismissed Hironymous's complaint. Although it found that it had jurisdiction over Hironymous's action, the district court determined that mandamus relief was improper for two reasons. First, the district court found that because ALJ Cook had left "other factors of eligibility" to be reviewed, the Secretary was not under a clear nondiscretionary duty to pay Hironymous benefits. Second, the district court found that because the Secretary had not issued a final decision within the meaning of 42 U.S.C.

§ 1383(c)(3), Hironymous had failed to exhaust his administrative remedies.

On June 18, 1985, Hironymous filed this timely appeal.

## SUBJECT MATTER JURISDICTION

We must determine whether the district court properly asserted jurisdiction over Hironymous's action before we may advance to the merits of the appeal. *See Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 379, 101 S.Ct. 669, 676, 66 L.Ed.2d 571 (1981); *United States v. California Care Corp.,* 709 F.2d 1241, 1245 (9th Cir.1983); Fed.R.Civ.P. 12(h)(3). We review de novo the district court's finding of subject matter jurisdiction. *Bright v. Bechtel Petroleum, Inc.,* 780 F.2d 766, 768 (9th Cir.1986).

### I. THE MANDAMUS AND VENUE ACT

Hironymous sought a writ of mandamus to compel the Secretary to pay him SSI benefits pursuant to ALJ Cook's decision. The district court asserted jurisdiction over Hironymous's action on the basis of the Mandamus and Venue Act of 1962 ("Mandamus Act"), 28 U.S.C. § 1361. The Mandamus Act provides:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

*Id.*

The Secretary challenges the district court's jurisdiction on the ground that Hironymous failed to exhaust the available administrative remedies. To evaluate the Secretary's challenge, we must determine: (A) whether the exhaustion of administra-

tive remedies is a prerequisite for mandamus jurisdiction over the case at bar, and (B) whether Hironymous failed to exhaust his administrative remedies. We conclude that the answer to both questions is yes. Thus, the district court erred in asserting jurisdiction.

### A. *Exhaustion of Administrative Remedies as a Prerequisite for Mandamus Jurisdiction*

The district court stated, "It appears ... that the issue [of jurisdiction] is quite simple. Is this an action for mandamus? If it is, the court has jurisdiction; if not the court does not have jurisdiction." The question of mandamus jurisdiction, when arising in the context of the exhaustion requirement, however, is not so straightforward as that.

Traditionally, the writ of mandamus was an extraordinary remedy that would only issue if the plaintiff had exhausted all other avenues of relief. *See* 14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3655 at 247 (2d ed. 1985). When it codified the remedy in the Mandamus Act, Congress did not intend to modify the doctrine of exhaustion of administrative remedies. S.Rep. No. 1992, 87th Cong., 2d Sess., *reprinted in,* 1962 U.S. Code Cong. & Ad.News 2784, 2787. Although it is clear that under the Mandamus Act exhaustion of remedies is a requirement for the granting of the writ, *Heckler v. Ringer,* 466 U.S. 602, 616, 104 S.Ct. 2013, 2022, 80 L.Ed.2d 622 (1984), it is less clear whether the requirement is jurisdictional or instead goes to the merits of the question whether the plaintiff is entitled to the writ.[1]

---

1. Some courts have treated the exhaustion requirement as an element of jurisdiction and found lack of subject matter jurisdiction when the requirement was not satified. *See, e.g., Bisson v. Heckler,* 787 F.2d 181, 185 (6th Cir.1986); *Nova Stylings, Inc. v. Ladd,* 695 F.2d 1179, 1180 (9th Cir.1983). *See also Kennicott Copper Corp. v. Costle,* 572 F.2d 1349, 1356 (9th Cir.1978).

Other courts have treated the requirement as going only to the question whether mandamus

should issue. *See, e.g., Holmes v. United States Bd. of Parole,* 541 F.2d 1243, 1247 n. 5 (7th Cir.1976) ("no other adequate remedy ... is not a prerequisite of jurisdiction"); *Borntrager v. Stevas,* 772 F.2d 419, 420 (D.C.Cir.) ("availability of ... alternative remedy mandates denial of mandamus *relief*") (emphasis added), *cert. denied,* —— U.S. ——, 106 S.Ct. 533, 88 L.Ed.2d 464 (1985); *Ganem v. Heckler,* 746 F.2d 844, 852 (D.C.Cir.1984).

■ In *United States v. California Care Corp.*, 709 F.2d 1241 (9th Cir.1983), we addressed generally the relation between the exhaustion requirement and jurisdiction. In an action brought by the Government to recover alleged medicare overpayments, jurisdiction over issues raised by the defendants was alleged pursuant to 28 U.S.C. § 1345.[2] Regarding defendants' failure to exhaust, we stated:

> The requirement of exhaustion can spring from an Act of Congress that designates an exclusive administrative avenue of appeal. When that is the case the administrative procedings are ... a precondition to federal court jurisdiction. The courts lack power to undertake judicial review until the proceedings have been completed. [H]owever, the current ... appeal procedures ... do not apply [to relevant period]. It follows that these exclusive procedures do not bar our jurisdiction. Nonetheless, the judicially created doctrine of exhaustion may stay judicial intervention.... The judicially created doctrine of exhaustion of remedies does not limit jurisdiction; it merely provides that the district courts have discretion to determine its applicability.

*Id.* at 1248 (citations omitted). Thus, only when a plaintiff has failed to exhaust administrative remedies made exclusive by statute will a court generally be deprived of jurisdiction. In other cases, there is jurisdiction and a court has discretion in its application of the exhaustion doctrine. *See Stauffer Chemical Co. v. FDA*, 670 F.2d 106, 107 (9th Cir.1982); *SEC v. G.C. George Securities, Inc.*, 637 F.2d 685, 687–

88 (9th Cir.1981) (discussion in context of jurisdiction under 15 U.S.C. §§ 77v(a), 78aa and the All Writs Act, 28 U.S.C. § 1651(a) ).

In the present case, the administrative remedies culminating in review under 42 U.S.C. § 405(g) are the exclusive avenue for Hironymous to present his claims. 42 U.S.C. § 405(h) provides in part:

> The findings and decision of the Secretary after a hearing shall be binding on all individuals who were parties to such hearing. *No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or government agency except as herein provided.*

(emphasis added). These two sentences "assure that administrative exhaustion will be required. Specifically, they prevent review of decisions of the Secretary save as provided in the [Social Security] Act, which provision is made in § 405(g)." *Weinberger v. Salfi*, 422 U.S. 749, 757, 95 S.Ct. 2457, 2462, 45 L.Ed.2d 522 (1975).

■ Hironymous is seeking substantive review of a decision of the Secretary within the meaning of the second sentence of section 405(h). Hironymous seeks to overturn the decision of the Social Security Administration denying his claim on the ground that his resources exceeded the maximum established by 42 U.S.C. §§ 1382(1)(B), 1382b(c). He argues that ALJ Cook's report precluded a finding of ineligibility on this ground. Rather than contesting a policy, rule, procedure, or other action of the Secretary, Hironymous is simply challenging an isolated decision of the Secretary interpreting the findings of an ALJ.[3] This is the type of dispute that

---

Some courts appear not to respect the distinction between jurisdictional and nonjurisdictional requirements. *See, e.g., Lovailo v. Froehlke*, 468 F.2d 340, 344 n. 6 (2d Cir.1972) ("In reviewing a denial of a petition for mandamus, it is sometimes helpful to consider the merits before determining whether the jurisdictional requirements for mandamus have been met. [Citations.]"), *cert. denied*, 411 U.S. 918, 93 S.Ct. 1555, 36 L.Ed.2d 310 (1973). Other decisions are difficult to classify. *See, e.g., Cervoni v. Secretary of Health, Education and Welfare*, 581 F.2d 1010, 1019–20 (1st Cir.1978).

2. 28 U.S.C. § 1345 provides, "Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil action, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized by Act of Congress."

3. Although he is not challenging a "final decision" of the Secretary, Hironymous, by contesting an appealable Social Security Administration ruling, is seeking review of a "decision of the Secretary" within the meaning of the second sentence of § 405(h). *See Weinberger v. Salfi*, 422 U.S. 749, 759 n. 6, 95 S.Ct. at 2464 n. 6, 45

the second sentence of section 405(h) was intended to "prevent review of ... save as provided in the [Social Security] Act, which provision is made in § 405(g)." *Weinberger v. Salfi*, 422 U.S. at 757, 95 S.Ct. at 2462. The review procedure under section 405(g) is thus the exclusive avenue for reviewing Hironymous's claim. Because it is exclusive, unless it is exhausted, jurisdiction under the Mandamus Act is unavailable.[4] *Accord Bisson v. Heckler*, 787 F.2d 181, 185 (6th Cir.1986) (no mandamus jurisdiction over nearly identical claim where plaintiff failed to exhaust administrative remedies).

### B. *Hironymous's Failure to Exhaust Administrative Remedies*

Having determined that the exhaustion requirement is in this case jurisdictional, we turn to the question whether Hironymous satisfied the requirement.

Hironymous does not dispute that at the time he filed this action he had available unexhausted administrative remedies.[5] Rather, Hironymous argues that (1) exhaustion of these remedies is unnecessary because his action is based on a procedural error and so is wholly collateral to the issue of his entitlement to benefits, and (2) his failure to exhaust administrative reme-

dies is not fatal because the Secretary waived the requirement.

Hironymous's arguments miss the mark. In *Heckler v. Ringer*, 466 U.S. 602, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984), the Supreme Court considered whether the district court had properly dismissed an action against the Secretary for lack of jurisdiction. Regarding the availability of jurisdiction under the Mandamus Act, the Court found that plaintiffs had "an adequate remedy in § 405(h) for challenging all aspects of the Secretary's denial of their claims," and on this basis affirmed the district court's finding that no mandamus jurisdiction existed. *Id.* at 617, 104 S.Ct. at 2023. Having determined that "§ 405(g) is the only avenue for judicial review of plaintiffs' claims for benefits," the Court only considered the arguments now raised by Hironymous in its analysis of section 405(g) jurisdiction. *Id.* at 617, 617–618, 104 S.Ct. at 2023, 2023. Because Hironyous had an adequate remedy in section 405(g), we, too, conclude that Hironymous's failure to pursue this remedy deprives the district court of mandamus jurisdiction.[6]

### II. SECTION 405(g)

Having determined that Hironymous has failed to qualify for mandamus jurisdiction,

---

L.Ed.2d 522 (1975); *Ellis v. Blum*, 643 F.2d 68, 82 n. 15 (2d Cir.1981).

4. Our holding that there is no mandamus jurisdiction where a plaintiff has failed to exhaust his remedy under § 405(g), applies only when § 405(g) review is the exclusive remedy available. Like the Supreme Court in *Ringer v. Heckler*, 466 U.S. 602, 616, 104 S.Ct. 2013, 2022, 80 L.Ed.2d 622 (1984), we do not decide whether the third sentence of § 405(h), which is not limited to review of the Secretary's "findings of fact or decision[s]" and explicitly refers only to actions brought under § 1331 and § 1346, forecloses mandamus jurisdiction in all actions arising out of the Social Security Act or against the Secretary. *See City of New York v. Heckler*, 742 F.2d 729, 739 (2d Cir.1984) (mandamus jurisdiction over action challenging internal policy of Secretary establishing presumption of ineligibility allegedly contrary to regulations), *aff'd on other grounds sub. nom., Bowen v. City of New York*, —— U.S. ——, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986).

5. After filing his action, Hironymous in fact pursued some of these remedies. He filed a request for and a was granted a hearing before ALJ Cahn. Although ALJ Cahn ultimately denied Hironymous a hearing, this decision was reviewable by the Social Security Administration's Appeals Council. *See* 20 C.F.R. §§ 416.-1407–416.1482. Hironymous did not, however, request review.

6. Where Congress has designated an exclusive avenue of appeal, courts have no discretion to determine the applicability of the exhaustion requirement. *United States v. California Care Corp.*, 709 F.2d 1241, 1248 (9th Cir.1983) (discussed in text). The requirement cannot be waived either by the court or the parties. However, in other contexts where a court has jurisdiction to decide whether to issue a writ of mandamus, arguments such as Hironymous has raised may be relevant to a court's discretionary decision whether to apply the exhaustion requirement. *See id.*

we now consider whether the district court could accept jurisdiction of Hironymous's action as one seeking review of a decision of the Secretary pursuant to section 405(g).

42 U.S.C. § 405(g) provides federal courts with jurisdiction to review decisions of the Secretary which are "final."[7] The finality condition has been held to include a nonwaivable requirement of presentation of the claim and a waivable requirement of exhaustion of administrative remedies. *Mathews v. Eldridge,* 424 U.S. 319, 328, 96 S.Ct. 893, 899, 47 L.Ed.2d 18 (1976). Hironymous has presented his disability claim to the Secretary and so has satisfied the nonwaivable requirement. Hironymous, however, has failed to satisfy the exhaustion requirement. He advances two reasons why this failure does not bar section 405(g) review.

First, Hironymous argues that the exhaustion requirement may be waived by the district court because his present claim is wholly collateral to his underlying claim of entitlement to benefits. In *Heckler v. Ringer,* the Supreme Court considered an action challenging a ruling of the Secretary that prohibited Medicare payments for bilateral carotid body resection surgery. Plaintiffs alleged that the Secretary's ruling violated the Administrative Procedure Act, 5 U.S.C. § 706(2), and the Due Process Clause. Although admitting that plaintiffs' claims were arguably procedural, the Court found that they were " 'inextricably intertwined' with [plaintiffs'] claims for benefits." *Id.,* 466 U.S. at 614, 104 S.Ct. at 2021. The Court held that the plaintiffs' claim was not "wholly 'collateral' " to their claim for benefits. *Id.* at 618, 104 S.Ct. at 2023.

■ Here Hironymous seeks to overturn the Secretary's finding that he is ineligible for SSI benefits on the basis of his adjusted resources. Although granting the writ

Hironymous seeks would not entail an award of benefits, it would remove from the Secretary's consideration a substantive factor immediately relevant to Hironymous's underlying claim. Hironymous's action is "inextricably intertwined" with his claim for benefits. It is no more collateral than those of the plaintiffs in *Ringer.*

Second, Hironymous suggests that ALJ Cahn's decision to dismiss his request for a hearing should be construed as a waiver of the exhaustion requirment. Hironymous argues that by dismissing his request on the ground that he had presented the identical issue to the district court, ALJ Cahn deferred to the district court's resolution of Hironymous's claim.

■ ALJ Cahn's dismissal of Hironymous's hearing request does not constitute a waiver of the exhaustion requirement. ALJ Cahn only dismissed the request after Hironymous failed to respond to his invitation for comments. The dismissal thus signified ALJ Cahn's acknowledgement of Hironymous's decision to withdraw from the Secretary's review procedures as much as it signified approval of Hironymous's untimely resort to the courts. Furthermore, ALJ's do not speak with finality in Social Security Administration; their decisions may be overturned by the Appeals Council. Thus, there is no reason to impute ALJ Cahn's actions to the Secretary.

## CONCLUSION

The district court erred in asserting jurisdiction over Hironymous's action. Because Hironymous failed to exhaust the administrative remedies made exclusive by the second sentence of section 405(h), jurisdiction was unavailable under the Mandamus Act. Because Hironymous's failure to exhaust was neither waivable by the district court nor waived by the Secretary, jurisdiction under section 405(g) was also unavailable.

7. Section 405(g), entitled "Judicial Review," provides in relevant part:
   Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such de-

cision by a civil action commenced within sixty days after the mailing to him of notice of such decision of within such time as the Secretary may allow.
42 U.S.C. § 405(g).

Accordingly, the district court's judgment is VACATED and the case is REMANDED for dismissal for lack of jurisdiction.