900 F.2d 1322
 29 Soc.Sec.Rep.Ser. 339, Medicare&Medicaid Gu 39,017
Benjamin WINTER, M.D., Plaintiff-Appellant,
v.
CALIFORNIA MEDICAL REVIEW, INC.; Otis R. Bowen, Department
of Health & Human Services, and Richard P.
Kusserow, Defendants-Appellees.
 No. 88-6499.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 4, 1989.
Memorandum Filed Dec. 18, 1989.
Opinion Issued As Amended April 13, 1990.
 
 David J. Weiss, Myra Staresina, Bonne, Jones, Bridges, Mueller, O'Keefe & Hunt, Joel R. Bennett, Los Angeles, Cal., for plaintiff-appellant.
 Gregg A. Frampton, Asst. Regional Counsel, Dept. of Health & Human Services, and Barry J. London, Lesley B. Harris, Lillick & Charles, San Francisco, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before NELSON, TROTT and RYMER, Circuit Judges.
 ORDER
 This case was originally decided by a memorandum disposition filed on December 18, 1989, 892 F.2d 85. The memorandum disposition has been amended and is now being published as an Opinion authored by Judge Trott pursuant to Ninth Circuit Rule 36-4.
 OPINION
 TROTT, Circuit Judge:
 
 
 1
 Appellant Dr. Benjamin Winter claims that appellee California Medical Review, Inc. (CMRI), a peer review organization (PRO) under contract with the Secretary of Health and Human Services to review various medical services in the State of California, lacked jurisdiction to investigate him because the surgery he performed was not covered under the Medicare program. The district court dismissed appellant's request for injunctive and declaratory relief, finding that he had failed to exhaust his administrative remedies. We affirm on that basis and on the ground that the case is not ripe for judicial review.
 
 FACTUAL and PROCEDURAL BACKGROUND
 
 2
 After conducting an investigation and review of patient records, CMRI made a preliminary determination that appellant had violated certain statutory obligations under 42 U.S.C. Sec. 1320c-5 (1982 & Supp. V 1987).[1] CMRI notified appellant of this determination and informed him that it was considering recommending sanctions to the Office of the Inspector General (OIG) of the Department of Health and Human Services ("the Department").[2]
 
 
 3
 After appellant received this notice, and after the hospital at which appellant worked received notice of an independent CMRI investigation against the hospital itself, the hospital suspended appellant's staff privileges. Appellant, citing a 1980 administrative ruling excluding the type of procedure which he performs from Medicare coverage,[3] claimed that CMRI had no jurisdiction to investigate him. His counsel apparently discussed this contention in a series of telephone calls with Department and CMRI attorneys and with representatives of the Health Care Financing Administration. Appellant's counsel apparently told at least some of these agency representatives that the conversations were "off the record." Appellant then filed suit in district court, seeking, inter alia, a preliminary injunction enjoining the Secretary from further investigation of the issues raised by CMRI. The district court granted appellees' motion to dismiss, finding that appellant failed to exhaust his administrative remedies.
 
 ANALYSIS
 
 4
 This court has jurisdiction under 28 U.S.C. Sec. 1291 (1982). The district court's decision that appellant failed to meet statutory exhaustion requirements[4] is essentially a jurisdictional finding. The existence of subject matter jurisdiction presents a question of law reviewed de novo by this court. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989). The district court's factual findings on jurisdictional issues must be accepted unless clearly erroneous. Id.
 
 A. Ripeness
 
 5
 The ripeness doctrine serves "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." Abbott Laboratories v. Gardner, 387 U.S. 136, 148-49, 87 S.Ct. 1507, 1515-16, 18 L.Ed.2d 681 (1967). In considering whether a case is ripe for review, a court must evaluate "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." Id. at 149, 87 S.Ct. at 1515; see also Standard Alaska Prod. Co. v. Schaible, 874 F.2d 624, 627 (9th Cir.1989), petition for cert. filed, No. 89-1375 (Feb. 27, 1990). "A claim is fit for decision if the issues raised are primarily legal, do not require further factual development, and the challenged action is final." Schaible, 874 F.2d at 627. In interpreting the finality requirement, a court "looks to whether the agency action represents the final administrative word to insure that judicial review will not interfere with the agency's decision-making process." State of Cal., Dep't of Educ. v. Bennett, 833 F.2d 827, 833 (9th Cir.1987).
 
 
 6
 To meet the hardship requirement, a litigant must show that withholding review would result in "direct and immediate" hardship and would entail more than possible financial loss. Id. at 833-34; see also Portland Police Ass'n v. City of Portland, 658 F.2d 1272, 1273 (9th Cir.1981).
 
 
 7
 Winter has satisfied neither the fitness nor the hardship requirement. CMRI's preliminary finding is clearly not the agency's "final administrative word," as CMRI may review appellant's arguments and decide not to recommend sanctions.[5] Moreover, where a series of contingent events must occur to produce an injury, a court may find the case inappropriate for judicial resolution. See Portland Police, 658 F.2d at 1274-75.
 
 
 8
 Appellant's claim that the investigation itself represented final agency action lacks merit. As appellees note, after reviewing information submitted by appellant, the agency might agree with his assertion that CMRI's investigation was improper. This court must give the agency an opportunity to formulate a final position.[6]
 
 
 9
 Appellant has also failed to demonstrate direct and immediate hardship. He points to suspension of staff privileges as the primary source of his harm. The cause of this harm, however, is the hospital, which suspended appellant's staff privileges after receiving notice of an independent investigation against the hospital itself. The nexus between CMRI's investigation of appellant and appellant's alleged injuries is too attenuated to support his claim.
 
 
 10
 B. Judicial Review Under 42 U.S.C. Sec. 405(g)
 
 
 11
 42 U.S.C. Sec. 1320c-5(b)(4) provides that practitioners who wish to contest penalties imposed by the Secretary are entitled "to judicial review of the Secretary's final decision after such hearing as is provided in section 405(g) of this title." 42 U.S.C. Sec. 1320c-5(b)(4). Section 405(g), in turn, permits an individual to file suit in federal court "after any final decision of the Secretary made after a hearing." 42 U.S.C. Sec. 405(g). This "final decision" condition consists of two elements: a non-waivable requirement that "a claim for benefits shall have been presented to the Secretary," and a waivable requirement "that the administrative remedies prescribed by the Secretary be exhausted." Mathews v. Eldridge, 424 U.S. 319, 328, 96 S.Ct. 893, 899, 47 L.Ed.2d 18 (1976); see also Bowen v. City of New York, 476 U.S. 467, 482-83, 106 S.Ct. 2022, 2031-32, 90 L.Ed.2d 462 (1986).
 
 
 12
 Even if we assume that appellant's telephone calls to various agency representatives constituted "presentment" of his claim, it is clear that appellant has not satisfied the exhaustion prong of the Mathews test.
 
 
 13
 Since the Secretary has not waived the exhaustion requirement, appellant must seek a judicial waiver. See Briggs v. Sullivan, 886 F.2d 1132, 1139 (9th Cir.1989). A judicial waiver may be obtained where a claim is: "(1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that refusal of the relief sought will cause an injury which retroactive payments cannot remedy (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility)." Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir.1987); see also Bass v. Social Sec. Admin., 872 F.2d 832, 833 (9th Cir.1989).
 
 
 14
 While appellant's jurisdictional claim is collateral to the issue of whether he violated statutory standards of care, he has not demonstrated a colorable claim of irreparability or that resolution of the claim through established administrative channels would not serve the purposes of exhaustion.
 
 
 15
 Under Cassim, the irreparability inquiry focuses on two issues: whether the claim is colorable, and whether the claimant would suffer irreparable harm if the requested relief is denied. Appellant has failed to show that he would suffer irreparable harm if the agency is permitted to continue its investigation. As mentioned above, CMRI may ultimately determine that sanctions are unwarranted or that the investigation should not have been conducted in the first place.
 
 
 16
 In evaluating whether appellant meets the futility requirement, a court must evaluate the policies underlying exhaustion. In Weinberger v. Salfi, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), the Court observed that:
 
 
 17
 Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.
 
 
 18
 422 U.S. at 765, 95 S.Ct. at 2466. Here, appellant sought relief from the district court two months after notification of CMRI's tentative decision, and before formally presenting his arguments via established administrative channels. District court action at that time, without giving the agency a chance to reevaluate its decision to investigate, would have constituted "premature interference with agency processes." In addition, the agency was not given an opportunity to utilize its experience and expertise in applying the statutory provisions. Appellant thus fails to show that proceeding through established administrative channels would not serve the policies underlying the exhaustion requirements.
 
 
 19
 We affirm the district court's dismissal of appellant's claims based on appellant's failure to exhaust administrative remedies. We also affirm on the ground that the case was not ripe for review.[7]
 
 
 20
 AFFIRMED.
 
 
 
 [1]
 Section 1320c-5 provides, in pertinent part, that
 It shall be the obligation of any health care practitioner ... who provides health care services for which payment may be made (in whole or in part) under this chapter, to assure, to the extent of his authority that services or items ordered or provided by such practitioner or person to beneficiaries and recipients under this chapter--
 (1) will be provided economically and only when, and to the extent, medically necessary;
 (2) will be of a quality which meets professionally recognized standards of health care; and
 (3) will be supported by evidence of medical necessity and quality in such form and fashion and at such time as may reasonably be required by a reviewing peer review organization in the exercise of its duties and responsibilities.
 42 U.S.C. Sec. 1320c-5.
 
 
 [2]
 An extensive framework for administrative review of PRO decisions is set forth in 42 C.F.R. Secs. 1004.1--1004.130 (1988). In such cases as the present one, the practitioner under investigation may meet with and provide additional information to the PRO after the PRO has made its preliminary determination. The PRO then "may, on the basis of additional information received, affirm, modify, or reverse its determination." 42 C.F.R. Sec. 1004.50(c)(1). If the PRO recommends sanctions to the OIG, the practitioner may provide additional information to the OIG. If the OIG determines that sanctions are warranted, the practitioner is entitled to a hearing before an Administrative Law Judge (ALJ). The practitioner may request review of an ALJ's adverse decision by an Appeals Council. The decision of the Appeals Council (or of the ALJ, if the Appeals Council denies review) may be appealed to the district court
 
 
 [3]
 Appellant has voluntarily limited his practice to the performance of bilateral carotid body resection surgery, a procedure excluded from Medicare coverage by a ruling of the Health Care Financing Administration. See Exclusion from Medicare Coverage of Bilateral Carotid Body Resection to Relieve Pulmonary Distress, Health Care Financing Administration Ruling 80-2, 45 Fed.Reg. 71,426 (1980)
 
 
 [4]
 Although the district court's brief memorandum order of dismissal did not specifically refer to 42 U.S.C. Sec. 405(g)(1982 & Supp. V 1987), the court's reliance on Doyle v. Secretary of Health & Human Services, 848 F.2d 296 (1st Cir.1988), indicates the court's statement that "exhaustion is required" was based on this statute
 
 
 [5]
 This distinguishes Greene v. Bowen, 639 F.Supp. 554 (E.D.Cal.1986), appeal dismissed & case remanded, 844 F.2d 791 (9th Cir.1988), where the doctor filed suit after sanctions had been recommended
 
 
 [6]
 We reject appellant's assertion that telephonic responses from various agency representatives, who were reportedly assured that their remarks would be "off the record," constitute a determinative statement of the agency's position
 
 
 [7]
 In light of this finding, we do not consider appellant's arguments regarding additional bases of jurisdiction