**CAL–ALMOND, INC., Plaintiff,**

v.

**Clayton YEUTTER, as the Secretary of Agriculture; The United States Department of Agriculture; The Almond Board of California, an administrative agency, Defendants.**

**No. CIV. S–90–1313–WBS.**

United States District Court,
E.D. California.

Feb. 14, 1991.

Brian C. Leighton, Fresno, Cal., for plaintiff.

Kevin M. Simpson, Thomas Millet, Dept. of Justice, Washington, D.C., Joyce A. Vermeersch, Asst. U.S. Atty., Sacramento, Cal., for defendants.

## MEMORANDUM AND ORDER

SHUBB, District Judge.

This matter is before the court on defendants' motion to dismiss for lack of subject matter jurisdiction, pursuant to Fed.R. Civ.P. 12(b)(1), based on plaintiff's failure to exhaust its administrative remedies. The matter was heard and submitted on January 28, 1991.

I

### PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff ("Cal–Almond") is an almond "handler" as defined in the Almond Marketing Order ("Order") 7 C.F.R. § 981.1 et seq. Defendants are the Secretary of the United States Department of Agriculture ("Secretary"), the United States Department of Agriculture ("USDA") and the Almond Board of California ("Board"). On October 19, 1990, Cal–Almond filed the underlying complaint for declaratory judgment, preliminary and permanent injunction, mandatory injunction, writ of mandamus, compensatory damages, and attorney's fees. Cal–Almond is subject to the Order which was promulgated by the USDA pursuant to the Agricultural Mar-

keting Agreement Act of 1937 ("AMAA"), 7 U.S.C. §§ 601–674. Congress enacted the AMAA to stabilize the marketing conditions of food commodities. *See* 7 U.S.C. § 602. The Order is administered by the USDA and the Secretary through the Board which is composed of appointed representatives of the almond industry including handlers and producers. *See* 7 C.F.R. §§ 981.30–981.40.

The Order, among other things, requires the Board to make recommendations to the Secretary concerning the amount of annual reserve crop any handler is required to set aside. 7 C.F.R. § 981.49. If the Secretary approves the recommendation, the Order requires each handler to "withhold from handling a quantity of almonds having a kernel weight equal to the reserve percentage of the kernel weight of all almonds such handler receives for his own account during the crop year." 7 C.F.R. § 981.50. The final rule dictating the reserve amount is not published until some of the crop in question has been received by the handlers. In 1988, the Secretary ordered a twenty-five percent reserve for the 1988–89 crop year. In 1990, the Secretary ordered a thirty-five percent reserve for the 1990–91 crop year. A handler is subject to substantial penalties if found in violation of a reserve rule.

Plaintiff's complaint contains nine "causes of action." The first cause of action alleges violations of the due process clause of the fifth amendment because the reserve is enforced without providing plaintiff a "hearing at a meaningful time, and without providing monetary damages." The second cause of action alleges violations of the due process clause and the ex post facto prohibition based on the fact that the reserve requirement applies to almonds already received. The third cause of action alleges violations of the Administrative Procedure Act ("APA") based on the retroactivity of the reserve rule. Plaintiff's fourth cause of action is an action for injunctive relief seeking to enjoin defendants from imposing the reserve requirement for the 1990–91 crop year on plaintiff. Plaintiff's fifth cause of action requests injunctive, declaratory, and mandatory relief pursuant to 5 U.S.C. § 706 and 28 U.S.C. § 1361 to compel compliance with the APA. In the sixth cause of action, plaintiff alleges that the reserve constitutes a taking in violation of the fifth amendment. The seventh cause of action alleges a violation of the fourth amendment based on the contention that the reserve constitutes an illegal seizure. In its eighth cause of action, plaintiff seeks a declaration and order pursuant to 5 U.S.C. § 706 that the agency's administrative claims procedure violates the due process clause. Finally, plaintiff's ninth cause of action seeks judicial review of the agency's imposition of the 1990–91 reserve under the APA.

Plaintiff initiated an administrative complaint as to the 1988–89 reserve on February 2, 1989 (AMA Docket No. F & V 981–5, Exhibit 1 to Defendants' Points and Authorities). The ALJ issued a Decision and Order dated March 19, 1990, which rejected some of plaintiff's claims but which held that the USDA had violated the APA in publishing a final rule in 1988 which had retroactive effect on the entire crop year. Both Cal–Almond and the USDA appealed the ALJ's decision to the Judicial Officer who is designated by the Secretary to render the agency's final decision. The Judicial Officer has yet to issue a final decision on the merits. Cal–Almond has not pursued an administrative claim against the USDA as to the 1990–91 crop year reserve.

Defendants argue that the complaint must be dismissed for failure to exhaust statutorily prescribed administrative remedies. Cal–Almond contends that the facts and issues presented in the instant case warrant an exception to the exhaustion requirement. In the alternative, if the court dismisses the claims pending before the agency, Cal–Almond requests the court to grant relief pursuant to 5 U.S.C. § 706.

The court is persuaded that defendants' motion should be granted in part. To the extent the first, second, third, fourth, sixth, seventh, eighth and ninth causes of action relate to the 1990–91 reserve, those claims shall be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. To the extent those same causes of action relate to the 1988–89 reserve, those

claims shall be dismissed pursuant to Fed. R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff may proceed with its fifth cause of action under the APA for the limited purpose of determining whether it is entitled to compel agency action pursuant to 5 U.S.C. § 706(1).

## II

### DISCUSSION

Defendants' central contention is that the statutory and regulatory scheme requires complete exhaustion of administrative remedies, and that, absent exhaustion, the court is without subject matter jurisdiction. The applicable statute provides:

> Any handler subject to an order may file a written petition with the Secretary of Agriculture, stating that any such order or any provision of any such order or any obligation imposed in connection therewith is not in accordance with law and praying for a modification thereof or to be exempted therefrom. He shall thereupon be given an opportunity for a hearing upon such petition, in accordance with regulations made by the Secretary of Agriculture, with the approval of the President. After such hearing, the Secretary shall make a ruling upon the prayer of such petition which shall be final, if in accordance with law.

7 U.S.C. § 608c(15)(A). This statutory remedy is the exclusive method of redress available to handlers. *Pescosolido v. Block*, 765 F.2d 827, 831 (9th Cir.1985) (citing *United States v. Ruzicka*, 329 U.S. 287, 292–95, 67 S.Ct. 207, 209–11, 91 L.Ed. 290 (1946)). Section 608c(15)(B) provides for district court review of the final agency action. *See* 7 C.F.R. § 900.64 ("No decision shall be final for the purpose of judicial review except a final decision issued by the Secretary pursuant to an appeal by a party to the proceeding."). Defendants also assert that the AMAA limits the jurisdiction of the court solely to petitions for judicial review brought pursuant to § 608c(15)(B), thus precluding the court from considering plaintiff's APA claims.

A. *Jurisdiction as to Claims Pending Before the Secretary.*

There appears to be a split of authority within the Ninth Circuit as to whether the exhaustion requirement is jurisdictional. In one case, strict exhaustion was required based on facts similar to the instant case. *Saulsbury Orchards & Almond Processing v. Yeutter*, 917 F.2d 1190, 1194 (9th Cir.1990) (citing *Ruzicka*, 329 U.S. 287, 67 S.Ct. 207); *see also United States v. Riverbend Farms, Inc.*, 847 F.2d 553, 559 (9th Cir.1988).

In *Saulsbury*, the almond handler filed a complaint against the Secretary as well as several individual defendants including members of the Board, alleging that the Order violated its first amendment rights by "forcing it to advertise." *Saulsbury*, 917 F.2d at 1193. The district court dismissed the action holding that the handler had failed to exhaust its administrative remedies. *Id.* At the time, the handler had not appealed the decision of the ALJ to the Secretary and thus there was no final agency decision. *Id.* The Ninth Circuit affirmed. *Id.* at 1196–97. While the opinion did not state whether the dismissal had been entered pursuant to Fed.R.Civ.P. 12(b)(1) or 12(b)(6), the court of appeals noted that the exhaustion requirement cannot be waived since it is imposed by statute and is, therefore, a jurisdictional requirement. *Saulsbury*, 917 F.2d at 1194 (citing *Reid v. Engen*, 765 F.2d 1457, 1462 (9th Cir.1985)). Thus, *Saulsbury* suggests that a dismissal for failure to exhaust administrative remedies should be entered pursuant to Fed.R.Civ.P. 12(b)(1).

In another case, the court of appeals stated that it would "not imply from section 608c(15) a requirement that plaintiffs exhaust clearly inadequate administrative remedies." *Wileman Bros. & Elliott, Inc. v. Giannini*, 909 F.2d 332, 338 (9th Cir. 1990) (citing *Coit Independence Joint Venture v. Federal Sav. & Loan Ins. Corp.*, 489 U.S. 561, 567, 109 S.Ct. 1361, 1365–66, 103 L.Ed.2d 602 (1989) ("Administrative remedies that are inadequate need not be exhausted.")). Thus, *Wileman* suggests that courts have limited discretion to decide

whether to require complete exhaustion. If a court has such discretion, a dismissal for failure to exhaust cannot be based on lack of subject matter jurisdiction.

Plaintiff in *Wileman* was a grower and handler of nectarines who sought to challenge fruit ripening requirements imposed by administrative committees, which were composed of handlers and growers appointed by the Secretary pursuant to 7 U.S.C. § 610(b)(1). The agency argued that the court lacked subject matter jurisdiction for failure to exhaust administrative remedies. The court noted that plaintiff had pursued its administrative remedies in its capacity as handler through the ALJ level but the Secretary had yet to issue a final decision. Plaintiff argued that it should not be required to await the final agency decision because "it does not challenge the marketing orders themselves, nor any obligation duly imposed thereunder, and because they cannot recover damages (or any retrospective relief) in the administrative proceeding." *Wileman*, 909 F.2d at 338. The court of appeals held that plaintiff was not required to exhaust its administrative remedies. *Id.* at 339.

■ *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), and its progeny, *Bowen v. City of New York*, 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986), *Hironymous v. Bowen*, 800 F.2d 888 (9th Cir.1986) and *Cassim v. Bowen*, 824 F.2d 791 (9th Cir.1987), provide the key for harmonizing *Saulsbury* and *Wileman*. As the Ninth Circuit explained in *Cassim*, the exhaustion requirement consists of two elements: " 'the jurisdictional' non-waivable requirement of presentment of the claim ... (presentment); and (2) the 'waivable' requirement of exhaustion of administrative remedies (exhaustion)." *Cassim*, 824 F.2d at 794 (citing *Hironymous*, 800 F.2d at 894); *see also Bowen v. City of New York*, 476 U.S. at 483, 106 S.Ct. at 2031 (citing *Eldridge*, 424 U.S. 319, 96 S.Ct. 893); and *Eldridge*, 424 U.S. at 328–30, 96 S.Ct. at 899–900. Cal–Almond has satisfied

the jurisdictional requirement in the instant case to the extent that it seeks review of the 1988–89 reserve. Therefore, these claims cannot be dismissed for lack of subject matter jurisdiction.[1]

■ Cal–Almond, however, has not satisfied the jurisdictional requirement with respect to claims which relate to the 1990–91 reserve. Those claims must, accordingly, be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction and the court's inquiry as to them extends no further.

The second requirement, that of complete exhaustion (final agency action), may be waived by a court or the agency and is therefore not jurisdictional. *See Cassim*, 824 F.2d at 794–95. The court must consider whether a judicial waiver of the complete exhaustion requirement is warranted as to the claims now before the agency.

B. *Judicial Waiver of the Exhaustion Requirement.*

■ The Ninth Circuit has developed a three part test for determining when a court may waive the full exhaustion requirement:

> The claim at issue must be (1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that refusal of the relief sought will cause an injury which retroactive payments cannot remedy (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility).

*Id.* at 795. In order for the court to consider the propriety of waiving the complete exhaustion requirement, plaintiff must allege collaterality, irreparability and futility. In the instant case, plaintiff has failed to plead collaterality or establish that its claims are collateral. While plaintiff has alleged the irreparability issue adequately, stating that no money damages are available from the agency to compensate plain-

---

**1.** *But cf. Winter v. California Medical Review, Inc.,* 900 F.2d 1322, 1326 (9th Cir.1990) (dismissal pursuant to Fed.R.Civ.P. 12(b)(1) for failure to exhaust administrative remedies, even though "presentment" requirement may have been met, upheld because agency review processes were not given sufficient opportunity and, therefore, case was not ripe for review).

tiff for damages,[2] plaintiff has not, and cannot, allege facts consistent with those alleged in its pleading which would convince the court that requiring exhaustion would be futile.

Plaintiff complains that requiring exhaustion results in an unconscionable delay of the judicial review sought. However, the court concludes that requiring plaintiff to exhaust administrative claims now pending would not be futile for the following two reasons. First, unreasonable delay by the Secretary in issuing a final decision can be redressed under plaintiff's APA claim, discussed below. Second, requiring exhaustion furthers congressional intent. Congress required agency adjudication of challenges to marketing orders because Congress believed the agency "has the expertise necessary to illuminate and resolve questions" relating to marketing orders. *Block v. Community Nutrition Inst.*, 467 U.S. 340, 347, 104 S.Ct. 2450, 2454, 81 L.Ed.2d 270 (1984). The court should not deny itself the benefit of agency expertise in the absence of extraordinary circumstances.

Therefore, with the exception of plaintiff's fifth cause of action, all claims, to the extent they relate to the 1988–89 reserve, shall be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. *See Hishon v. King & Spaulding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (court may dismiss for failure to state a claim when it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle plaintiff to relief). In light of the court's determination that plaintiff will be unable to cure the pleading defect, leave to amend is denied. *See Wages v. Internal Revenue Serv.*, 915 F.2d 1230, 1235 (9th Cir.1990) (dismissal without leave to amend proper "if amendment would be futile" even when no responsive pleading has been filed and served).

**C. *Right to Relief Under the APA for Agency Action Unreasonably Delayed.***

■ Plaintiff's fifth cause of action is a claim for mandatory and injunctive relief under the APA, 5 U.S.C. § 706, for agency action "unreasonably delayed," and for a declaration that the agency's actions and regulations are illegal. Defendants contend that the court is without subject matter jurisdiction to grant any relief pursuant to the APA. The court disagrees and concludes that it has jurisdiction to order defendants to render a final decision pursuant to the APA if the court should find that the agency has unreasonably delayed issuing a final decision.

■ There is a presumption in favor of judicial review of agency action. *See Community Nutrition*, 467 U.S. at 349, 104

---

**2.** Assessments unlawfully imposed must be refunded. *See Borden, Inc. v. Butz*, 544 F.2d 312, 319 (7th Cir.1976) (handlers may recover overpayments); *Fairmont Foods Co. v. Hardin*, 442 F.2d 762, 773 (D.C.Cir.1971) (milk handlers entitled to recover overpayments made pursuant to invalid marketing order); *Lawson Milk Co. v. Freeman*, 358 F.2d 647, 650 (6th Cir.1966) (handlers entitled to recover overpayments, but not entitled to interest). In addition, counsel for defendants averred at oral argument that plaintiff can recover assessments ultimately determined to be unlawfully assessed. *See Saulsbury*, 917 F.2d at 1195 (court can shape relief to protect handler's rights); *see also McKesson v. Div. of Alcoholic Beverages & Tobacco*, —— U.S. ——, 110 S.Ct. 2238, 2251, 110 L.Ed.2d 17 (1990) (prospective relief insufficient if tax found to be unlawfully assessed).

However, the United States has not waived its sovereign immunity with respect to liability for consequential damages caused by invalid marketing orders. *See United States v. Testan*, 424 U.S. 392, 402–03, 96 S.Ct. 948, 955–56, 47 L.Ed.2d 114 (1976) ("Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim—whether it be the Constitution, a statute, or a regulation—does not create a cause of action for money damages unless ... that basis 'in itself ... can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" (quoting *Eastport S.S. Corp. v. United States*, 178 Ct.Cl. 599, 372 F.2d 1002, 1008–09 (1976)); *see also United States v. Mitchell*, 445 U.S. 535, 537–40, 100 S.Ct. 1349, 1351–52, 63 L.Ed.2d 607, *reh'g denied*, 446 U.S. 992, 100 S.Ct. 2979, 64 L.Ed.2d 849 (1980). Nothing in the AMAA suggests that the government has consented to suits for damages.

In addition, plaintiff's claims are "colorable" in that they are not "wholly insubstantial, immaterial, or frivolous." *Cassim*, 824 F.2d at 795 (quoting *Boettcher v. Secretary of Health and Human Servs.*, 759 F.2d 719, 722 (9th Cir.1985)).

S.Ct. at 2455. However, a showing that Congress did not provide and did not intend to provide for judicial review of an agency action overcomes the presumption. *See id.* at 349, 104 S.Ct. at 2455. For example, the Supreme Court has held that the AMAA generally precludes consumers from obtaining judicial review of a marketing order (*Community Nutrition*, 467 U.S. at 346–48, 104 S.Ct. at 2454–55) and requires handlers to file challenges to marketing orders with the agency prior to judicial review (*Ruzicka*, 329 U.S. at 293–94, 67 S.Ct. at 210). While the AMAA neither specifically provides for nor precludes actions under the APA which seek to compel agency action unreasonably delayed, such an action does not involve direct court review of the validity of the Order and therefore is not precluded by the AMAA. The Ninth Circuit has expressly approved of such actions. *Saulsbury*, 917 F.2d at 1197 (court of appeals "appalled" by the agency's failure to deal expeditiously with the handler's administrative complaint; matter remanded to district court to determine whether the Secretary's action has been unreasonably delayed pursuant to 5 U.S.C. § 706(1)); *Riverbend Farms*, 847 F.2d at 560 (under APA "district court is authorized to 'compel agency action unlawfully withheld or *unreasonably delayed*'") (citing 5 U.S.C. § 706) (emphasis in original).

However, the court will not consider plaintiff's request for declaratory relief. To do so would require the court to review the legality of the Order itself and would defeat the purpose of requiring exhaustion. Such a result is precluded by the AMAA as interpreted by the Supreme Court and the Ninth Circuit. *See Ruzicka*, 329 U.S. at 294, 67 S.Ct. at 210; *Pescosolido*, 765 F.2d at 832 (challenges to marketing orders must be submitted to agency prior to judicial review). Plaintiff's claim for declaratory relief must be dismissed for lack of subject matter jurisdiction pursuant to Fed. R.Civ.P. 12(b)(1). Plaintiff may proceed with its fifth cause of action insofar as it requests a determination as to whether the Secretary's final decision has been unreasonably delayed.

IT IS THEREFORE ORDERED that the first, second, third, fourth, sixth, seventh, eighth, and ninth causes of action of plaintiff's complaint, to the extent they relate to the 1990–91 reserve, be and the same are, hereby dismissed pursuant to Fed.R.Civ.P. 12(b)(1).

IT IS FURTHER ORDERED that the first, second, third, fourth, sixth, seventh, eighth, and ninth causes of action of plaintiff's complaint, to the extent they relate to the 1988–89 reserve be, and the same are, hereby dismissed, without leave to amend, pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that plaintiff's claim for declaratory relief under the APA be, and the same is, hereby dismissed for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).