**Claudio MORENO, Petitioner– Appellant,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, et al., Respondent–Appellee.**

No. 04–16549.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2006.*

Filed June 22, 2006.

---

\* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\* The Honorable Kevin Thomas Duffy, Senior Judge, United States District Court for the Southern District of New York, sitting by designation.

Robert B. Jobe, Esq., Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner–Appellant.

Edward A. Olsen, Esq., USSF—Office of the U.S. Attorney, San Francisco, CA, for Respondent–Appellee.

Before: SCHROEDER, Chief Judge, GRABER, Circuit Judge, and DUFFY,\*\* District Judge.

MEMORANDUM \*\*\*

Petitioner–Appellant Claudio Moreno appeals from an order of the United States District Court for the Northern District of California, denying his motion for a writ of mandamus directing the Bureau of Citizen-

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ship and Immigration Services ("BCIS") to grant his application for a replacement alien registration card, or in the alternative, injunctive relief pursuant to the Administrative Procedure Act ("APA"). We affirm.

Petitioner's status in the United States is currently the subject of proceedings in the immigration court. He is a citizen of Chile who was formerly married to a United States citizen. In 1992, based on his marriage, Petitioner was issued an I–1551 Permanent Resident Card ("green card"). Sometime after obtaining his green card Petitioner returned to Chile. The duration and nature of his stay is disputed, and is a part of the immigration court's inquiry.[1] Petitioner returned to the United States on February 18, 1997, using a B1/B2 visitor's visa. Upon his return, he was presented with a Form I–407, Abandonment of Lawful Permanent Resident Status. The effect of this form on Petitioner's status is also a part of the immigration court's inquiry. Petitioner's green card was confiscated upon his return.

Petitioner's marriage was dissolved on March 8, 1997; however, in June 2000, he applied for a replacement green card based on the marriage. When Petitioner was unable to produce proof that he was still married, his application was denied. On January 17, 2003, Petitioner filed a motion in the district court for a writ of mandamus directing BCIS to grant his application, or in the alternative, injunctive relief under the APA. Removal proceedings were commenced in the immigration court in May 2004. In light of the removal proceedings, the district court denied the writ of mandamus, holding that it lacked jurisdiction because Petitioner had not exhausted his administrative remedies. The district court denied the injunctive relief on the grounds that the APA was not applicable.

We review de novo the decision of the district court. *See Tucson Airport Auth. v. Gen. Dynamics Corp.*, 136 F.3d 641, 648 (9th Cir.1998).

Exhaustion of administrative remedies is a prerequisite to a district court's jurisdiction to consider a writ of mandamus. *See Hironymous v. Bowen*, 800 F.2d 888, 893 (9th Cir.1986). The district court was unpersuaded, as are we, that the time required to exhaust the administrative remedy makes it an inadequate remedy. *See Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1998) ("Mandamus is an extraordinary remedy" only available "if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, [sic] and (3) no other adequate remedy is available."). As the district court noted, any hardship brought about by delay was in large part caused by Petitioner, who waited more than two years after his green card was confiscated to file an application for a replacement. Moreover, the proceeding in the immigration court is already underway.

The Supreme Court has made it clear that the APA does not apply to immigration proceedings. *See Ardestani v. INS*, 502 U.S. 129, 133–34, 112 S.Ct. 515, 116 L.Ed.2d 496 (1991).

Petitioner is not eligible for relief either through a writ or under the APA; therefore, his petition must be DENIED.

---

1. Petitioner argues that he was on temporary work assignment in Chile for approximately seven months. Respondents argue that Petitioner had separated from his wife and returned to Chile for almost three years, where he was employed as a general manager of Turismo R.A.M.