**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 19 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL ACEDO, | No. 20-55844 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-02592-JLS-JLB |
| v. | |
| COUNTY OF SAN DIEGO; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted November 8, 2021**

Before:    CANBY, TASHIMA, and MILLER, Circuit Judges.

Former California state prisoner Daniel Acedo appeals pro se from the

district court's judgment dismissing his mandamus action brought under 28 U.S.C.

§ 1361.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the

district court's dismissal under 28 U.S.C. § 1915A.  *Resnick v. Hayes*, 213 F.3d

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Acedo's request for oral argument, set forth in his reply brief, is denied.

443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed for lack of subject matter jurisdiction Acedo's mandamus claim because Acedo failed to allege facts sufficient to show that he had exhausted his administrative remedies before filing suit. *See* 42 U.S.C. § 405(g), (h); *Hironymous v. Bowen*, 800 F.2d 888, 892-93 (9th Cir. 1986) (exhaustion of administrative remedies before seeking mandamus relief against the Social Security Administration is a jurisdictional requirement).

The district court properly dismissed Acedo's remaining state law claims because the district court lacked jurisdiction to adjudicate them once it had dismissed Acedo's federal claim for lack of subject matter jurisdiction. *See Herman Family Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 806-07 (9th Cir. 2001) (if all federal claims are dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, a district court lacks the authority to exercise supplemental jurisdiction over remaining state law claims under 28 U.S.C. § 1367).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Acedo's motion to strike (Docket Entry No. 31) is denied.

**AFFIRMED.**