NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 11 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NAM TAO, individually and on behalf of all others similarly situated,

No. 24-5413

Plaintiff - Appellant,

D.C. No.
8:23-cv-00599-JWH-JDE

v.

MEMORANDUM[*]

AROVAST CORP.,

Defendant - Appellee.

Appeal from the United States District Court
for the Central District of California
John W. Holcomb, District Court Judge, Presiding

Argued and Submitted November 21, 2025
Pasadena, California

Before: CLIFTON, BYBEE, and DE ALBA, Circuit Judges.

Plaintiff appeals from the district court's dismissal of this action for lack of

subject matter jurisdiction. The district court concluded that Plaintiff failed to

establish that his claims are ripe for review. "The existence of subject matter

jurisdiction is a question of law reviewed de novo." *Harden v. Roadway Package*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*Sys., Inc.*, 249 F.3d 1137, 1140 (9th Cir. 2001). As the parties are familiar with the facts, we do not recount them at length here. We affirm.

Plaintiff failed to establish that his claims are prudentially ripe. "The ripeness doctrine is 'drawn from both Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction.'" *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003) (quoting *Reno v. Cath. Soc. Servs., Inc.*, 509 U.S. 43, 57 n.18 (1993)).

As a threshold matter, we first address Plaintiff's request that we abrogate the doctrine of prudential ripeness. We cannot. We acknowledge that "[t]he Supreme Court has stated that the prudential ripeness doctrine is 'in some tension' with 'the principle that a federal court's obligation to hear and decide cases within its jurisdiction is virtually unflagging.'" *Planned Parenthood Great Nw., Hawaii, Alaska, Indiana, Kentucky v. Labrador*, 122 F.4th 825, 840 (9th Cir. 2024) (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 167 (2014)) (cleaned up). However, "the Supreme Court's observation in *Driehaus* does not relieve us of our obligation, as a panel, to follow our prudential ripeness precedents." *Stockton v. Brown*, 152 F.4th 1124, 1148–49 (9th Cir. 2025). "Because the Supreme Court 'has not yet had occasion to resolve the continuing vitality of the prudential ripeness doctrine,' we apply it here regardless of any uncertainty about its life expectancy." *Skyline Wesleyan Church v. Cal. Dep't of Managed Health*

*Care*, 968 F.3d 738, 751 n.9 (9th Cir. 2020), as amended (July 21, 2020) (quoting

*Fowler v. Guerin*, 899 F.3d 1112, 1116–18 n.1 (9th Cir. 2018)) (cleaned up).

In the alternative, Plaintiff argues that the consideration of the prudential

ripeness doctrine should be cabined to administrative law cases.  While Plaintiff is

correct that the prudential ripeness doctrine is commonly discussed in the context

of administrative law, there is no precedent barring application of the doctrine

beyond that context.  Indeed, this court has already addressed this issue and

exercised its discretion in applying the prudential ripeness doctrine to a private

party dispute.  *See, e.g.*, *In re Coleman*, 560 F.3d 1000 (9th Cir. 2009).  Like in

*Coleman*, the facts here warrant consideration of the doctrine.  Specifically, the

Consumer Product Safety Commission's ("CPSC") involvement in the recall

weighs in favor of applying the doctrine.  It is undisputed that Defendant has been

working in conjunction with the CPSC to execute the recall.  As such, similar

"concerns over judicial entanglement in administrative agency actions" exist in this

case.  *Principal Life Insurance Co. v. Robinson*, 394 F.3d 665, 671 (9th Cir. 2005).

Having established that the doctrine of prudential ripeness remains viable,

we turn to the merits.  "In evaluating the prudential aspects of ripeness, our

analysis is guided by two overarching considerations: 'the fitness of the issues for

judicial decision and the hardship to the parties of withholding court

consideration.'"  *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1141

(9th Cir. 2000) (en banc) (quoting *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 149 (1967)).

1. <u>Fitness of Issues for Judicial Decision</u>: We conclude that Tao's claims are not yet fit for judicial decision. "A claim is fit for decision if the issues raised are primarily legal, do not require further factual development, and the challenged action is final." *US West Commc'ns v. MFS Intelenet, Inc.,* 193 F.3d 1112, 1118 (9th Cir. 1999) (quoting *Standard Alaska Prod. Co. v. Schaible*, 874 F.2d 624, 627 (9th Cir. 1989)). First, Plaintiff's counsel indicated at oral argument that Plaintiff has not attempted to take advantage of the recall being overseen by the CPSC. Where Plaintiff's claims are premised on alleged inadequacies of the CPSC recall, there are still "many unknown facts" concerning whether Plaintiff's claims would be resolved if and when he avails himself of the CPSC recall. *See Am.-Arab Anti-Discrimination Comm. v. Thornburgh*, 970 F.2d 501, 510–12 (9th Cir. 1991). Indeed, if Plaintiff were to submit a request for a refund or replacement and Defendant provides it, it is unclear how Plaintiff would continue to be aggrieved. Accordingly, because the factual record has not been fully developed, we avoid unnecessary adjudication by declining judicial review.

2. <u>Hardship to Parties</u>: Withholding review will not impose an undue hardship on Plaintiff. "To meet the hardship requirement, a litigant must show that withholding review would result in direct and immediate hardship and would entail

more than possible financial loss." *MFS Intelenet, Inc.*, 193 F.3d at 1118 (9th Cir. 1999) (quoting *Winter v. California Med. Review, Inc.,* 900 F.2d 1322, 1325 (9th Cir. 1990). Plaintiff has not alleged that he has suffered physical or any other non-financial type of harm; Tao's alleged injury is limited to money lost, restitution, and statutory damages. As such, any hardship he might experience as a result of the court declining to exercise jurisdiction over his claims would be purely financial in nature and does not meet the hardship requirement. We therefore conclude that this case is prudentially unripe.

We agree with the district court that the case is not ripe and thus agree that we lack subject matter jurisdiction over the matter.

**AFFIRMED**.